FINKE, Appellant, vs. HESS, Respondent.

*October 9—November 4, 1919.*

*Physicians and surgeons: Malpractice: Sufficiency of evidence to require submission of case to jury: Opinion evidence as opposed to positive evidence: Presumption of negligence.*

1. One side of plaintiff's face became paralyzed after an operation performed by a physician, which condition might have resulted from a severance of the facial nerve or from other causes. There being no evidence that the nerve was severed, but, on the contrary, the evidence being positive and undisputed that it was not, the court properly directed a verdict for the defendant.

2. The opinion evidence of a physician could not raise a conflict with the positive evidence of defendant and another physician who reopened the wound that the facial nerve was not severed in performing the operation.

3. Proof of bad result from a surgical operation raises no presumption of negligence in this case.

APPEAL from a judgment of the circuit court for Dane county: JAMES O'NEILL, Judge. *Affirmed.*

*Robert N. Nelson* of Madison, for the appellant.

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

KERWIN, J. Action to recover damages against defendant, a practicing physician and surgeon, for alleged malpractice in performing an operation on the plaintiff on July 7, 1915. It is insisted by plaintiff that the defendant, in performing what is known as a mastoid operation, severed the seventh or facial nerve, which was unnecessary, in consequence of which plaintiff sustained damages.

The case was tried to the court and a jury. At the close of the evidence the court directed a verdict for the defendant. The question involved turns on whether there is evidence sufficient to carry the case to the jury. It is contended by defendant that there is no evidence that the nerve was severed, hence a verdict was properly directed.

Paralysis of the face was shown, and there is evidence that severance of the nerve would cause such condition. But the evidence also shows that the paralysis might well follow an operation skilfully and properly performed from various other causes. It was shown by the evidence that the paralysis might have been caused by a "dehiscence," or by bandaging after the operation, or by cold drafts, and possibly other causes.

True, after the operation it appears one side of plaintiff's face was paralyzed, but in order to warrant the court in submitting the case to the jury there must be some evidence that the defendant severed the facial nerve; and we find none in the record. There is positive evidence, not only by defendant but by Dr. Beck, a Chicago specialist, that the nerve was not severed. Dr. Beck opened up the old scar in an effort to relieve pressure on the nerve and testified that the nerve had not been severed.

Claim is made by plaintiff's counsel that Dr. Beck admitted the nerve was severed. The evidence does not support this contention. The claim is based on evidence of one Mrs. Hagne, but her evidence as to what Dr. Beck said when he was not under oath was not competent except as laying a foundation for impeachment. Moreover, Mrs. Hagne admitted on cross-examination that Dr. Beck might have said that the nerve was injured, not severed.

Some reliance is placed on the opinion of Dr. Boyce. But his opinion could not raise a conflict with the positive undisputed evidence that the nerve was not severed and that other causes existed for the paralysis. *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644; 2 Moore, Facts, § 1236.

Proof of bad result raises no presumption of negligence in this case. *Wurdemann v. Barnes,* 92 Wis. 206, 66 N. W. 111; *Ewing v. Goode,* 78 Fed. 442.

We are satisfied the court below was right in directing a verdict for defendant.

*By the Court.*—Judgment is affirmed.