## No. 11,907.

EMPLOYERS' MUTUAL INSURANCE COMPANY, ET AL. v. INDUSTRIAL COMMISSION, ET AL.

Decided September 12, 1927.

Proceeding under the workmen's compensation act. Judgment of the district court sustaining an award of compensation.

### Affirmed.

1. WORKMEN'S COMPENSATION—*Wife—Dependency.* Under the terms of the workmen's compensation act a wife living with her husband as such is conclusively presumed to be wholly dependent upon him for her support.

2. *Dependency.* C. L. section 4426 of the workmen's compensation act applies where the wife makes a claim for compensation on account

of the death of her husband, and not where she claims compensation on account of the death of a son.

3.     *Dependency.* Award of the industrial commission to a mother for the death of a son on account of partial dependency upheld, although at the time she was living with her husband who was able and bound to support her.

4.     *Commission Findings.* Findings of the industrial commission which are supported by sufficient evidence will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Messrs. RINN & CONNELL, for defendants in error.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS action was brought by plaintiffs in error against defendants in error to vacate and set aside an award made by the Industrial Commission awarding compensation to defendant in error, Mary E. Stewart, for the death of her son, Elmer O. Stewart, resulting from personal injuries accidentally sustained in the course of and arising out of his employment as a coal miner while in the employ of The National Fuel Company.

The question to be determined, as stated by plaintiffs, is "Whether a married woman, living with her husband who is able and bound to support her, may recover compensation for the death of a son killed, as the proximate result of an accidental injury arising out of and in the course of his employment."

On March 25, 1927, the Industrial Commission found that Elmer O. Stewart died on March 23, 1926, as the result of an accident arising out of and in the course of

his employment, and left surviving him, and partially dependent upon him, his mother, Mary E. Stewart, to the extent of 50 per cent of total dependency and awarded her the sum of $1,875, which is the award sought to be vacated and set aside in this proceeding.

The defendant in error, Mary E. Stewart, by way of cross-complaint, alleged total dependency upon the deceased, and asked for a modification of the award, and that she be allowed the full sum of $3,750.

The undisputed evidence is to the effect that the deceased contributed to the support of his mother and the family of which he was a member, consisting of his father, mother and himself, to the extent, perhaps, of 50 per cent of the total amount necessary. We think there was sufficient evidence to sustain the finding of the commission that the deceased did so contribute to the support of his mother, and as counsel for plaintiffs so assume, for the purpose of having the legal question determined, it is unnecessary to review the evidence in this opinion.

So far as it is pertinent, we quote section 4426, C. L. 1921: "For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent: (a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him for support."

Section 4427, C. L. 1921, so far as it is material, reads: "Children eighteen years of age or over, husband, mother, father, grandmother, grandfather, sister, or brother, who were wholly or partially supported by the deceased employe at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents."

The last section quoted was amended by laws of 1923, p. 737, section 8, but the amendment is not material to the question here.

The argument of plaintiffs is that these sections of the statute, together with sections 4430 and 4431, must be

construed together, and as so construed, the right of a married woman to compensation for the death of a husband or son, is, that in case of the death of the husband, unless she is voluntarily living separate and apart from him and not at all dependent on him in fact, she is conclusively presumed to be wholly dependent upon him; that in case of the death of a son, there is no presumption of dependency, but if the mother, as here, is a wife not voluntarily living separate and apart from her husband and is dependent upon him, she is conclusively presumed to be wholly dependent upon him, and is thereby precluded from receiving compensation for the death of her son.

In support of this position, he cites *London Guaranty & Accident Co. et. al. v. Industrial Commission, et al.,* 78 Colo. 478, 242 Pac. 680.

In the case cited no question was, or could be, raised as to the mother's dependency upon the son, for the reason that both husband and son were killed by the same accident, and the commission found that the widow and minor child were wholly dependent upon the husband and father for support. That case is not applicable to the facts here, and is not authority for plaintiffs' contention.

It is certainly true that where husband and wife are living together as such, and she is dependent upon him for support, the wife would, under section 4426, supra, be conclusively presumed to be wholly dependent upon the husband if he died, while they were so living together, as the result of an accident in the course of and arising out of his employment, and a claim is made for compensation on account thereof, as were the facts in the case cited.

Otherwise stated, that section was intended to apply where the wife makes a claim for compensation on account of the death of her husband, and not where she makes a claim for compensation on account of the death of a child.

The husband in the instant case was still living at the time of the death of the son, and in such case with the facts as they are here, as found by the commission, that section can have no application.

Under plaintiffs' theory the mother could not recover compensation for the death of the son, although the husband might be unable, through illness or other cause, to wholly support his wife or to any extent contribute thereto.

Plaintiffs' theory could only be sustained by wholly disregarding the language of section 4427, supra, and giving it no force nor effect.

The commission having found from the evidence that the mother was not wholly, but was partially, dependent upon the son, and there being sufficient evidence to support the finding, we cannot disturb it, and cannot say that the mother is entitled to compensation for total dependency.

The judgment of the district court sustaining the award of the commission is affirmed.