## No. 11,985.

ROSENKRANZ v. INDUSTRIAL COMMISSION, ET AL.

Decided December 27, 1927.

Proceeding under the workmen's compensation act. Compensation denied.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Appeal and Error.* In an action under the workmen's compensation act, if the contention is made that the evidence in support of the judgment is so weak as to amount to no evidence, the court may review the testimony.

2. *Commission Findings—Disease.* In an action under the workmen's compensation act, record reviewed and judgment sustaining the finding of the commission that claimant's disability was occasioned by disease and was not the result of an accident, and that the disease was not accelerated nor aggravated by an accident, affirmed.

*Error to the District Court of Pueblo County, Hon. S. D. Trimble, Judge.*

Mr. BENJAMIN F. KOPERLIK, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN BREITENSTEIN, Assistant, Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE referee recommended an award of compensation to Rosenkranz, the commission denied it, the district court affirmed the denial and Rosenkranz brings error.

The claimant is permanently and totally disabled and is suffering from a progressive disease, arthritis of the

spine, which will sooner or later produce death. Since March 20, 1926, he has been in the fuel company's hospital, and will be cared for there permanently.

The commission's finding was that the claimant's disability was caused by disease and not by accident, which obviously supports the award; the claimant, however, says the evidence in support of the finding is so weak as to amount to no evidence, and that therefore it is our duty to set aside the finding and award. *Industrial Com. v. Hover & Co.,* 82 Colo. 335, 259 Pac. 509; *Industrial Com. v. Elkas,* 73 Colo. 475, 216 Pac. 521.

What then is the evidence in favor of the finding? Rosenkranz had worked for the Colorado Fuel & Iron Company many years; he says he was lifting iron when something cracked in his back and he could not lift any more. He could not fix the date, but it was in February, 1926. He continued work for about seven days and went to the hospital March 20th. He then complained of pain in the sacroiliac joint and was awarded, in October, 1926, compensation for five days' disability with a finding that there was no permanent disability. The more serious symptoms developed at about the time of the award and the commission reopened the case of its own motion. Further hearing was then had with the result above stated. Careful examinations have been made by four doctors, two of whom were chosen by the commission, and several X-ray photographs were taken. They all said that he had been suffering for a long time from hypertrophic arthritis, and, in various forms of words, they expressed the opinion that his present disability is due entirely to the disease. The doctor in charge of him at the hospital says that notwithstanding this accident "he would have this condition anyway." "The strain" (caused by the lifting) "was in the sacroiliac joint and had nothing to do with this at all." "If the strain was along the vertebrae of the spine it would not add materially to it." It is clear therefore that as far as the

permanent disability is concerned there is evidence to sustain the finding.

As to the temporary disability the final findings say that his disability since March 20, 1926, the date upon which he left work, has consisted of hypertrophic arthritis of the lumbar spine, which is a disease and not due to accident. This is a finding that since March 20, 1926, there has been no temporary disability.

There is evidence, which if believed, would have justified findings that there was in addition to the disease a temporary disability caused by a strain of the sacroiliac joint in lifting, but we cannot say, considering all the evidence, that it compels such a finding, and there is no evidence of the extent or duration of such disability. We cannot, therefore, set aside the finding on this point. The same may be said of the claim that the disability by disease was accelerated or aggravated by an accident, i. e., by lifting. It is within the limits of possibility that the strain of lifting was a trifling matter, not enough to cause disability and that the progress of the disease would have culminated when it did without the strain.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Whitford and Mr. Justice Sheafor concur.