No. 12,112.

INDUSTRIAL COMMISSION, ET AL. *v.* ROBINSON.

Decided February 18, 1929. Rehearing denied March 11, 1929.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for plaintiffs in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. W. R. RAMSEY, for defendant in error.

*Department One.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is a writ of error to review a judgment of the district court, reversing, vacating and setting aside an award of the Industrial Commission of Colorado, and

ordering the cause remanded, with instructions. The Industrial Commission of Colorado will hereinafter be referred to as the commission; Robinson as the claimant; the Colorado Fuel and Iron Company as the company, and the referee of the commission as the referee.

The claimant alleges that on October 22, 1921, while employed by the company in its coal mine at Tiago, Colorado, he accidently sustained injuries, arising out of and in the course of his employment.

On November 9, 1921, claimant was admitted to the Minnequa Hospital of the company, and while a patient there, and on October 16, 1922, made and filed workman's notice of claim for compensation.

There were nine separate hearings before the referee, extending over a period from July 14, 1923, to July 14, 1926.

At the time the claimant left the hospital of the company, in March, 1923, he took with him the entire hospital record of his case, and as constant reference thereto was necessary, the referee, on November 6, 1923, ordered the claimant to file the hospital records, as a part of the records in the case, but this order was disregarded. Thereafter, and on November 24, 1924, the referee entered "findings and award," of which the following is a part:

"During the progress of the trial, the claimant made reference to certain hospital records which were then in his possession and which he stated were the hospital records of the Minnequa Hospital operated by the respondent employer at Pueblo, Colorado, and which records were represented to be a record of his case while he was under treatment at the Minnequa Hospital. At the conclusion of the last hearing the referee entered an order requiring the claimant to file, as a part of the records in this case, the hospital records which were referred to by him during the progress of his hearing. Examination of the transcript will disclose that both parties to these proceedings made constant and repeated

references to the hospital records in the case. Thus far the claimant has not complied with the referee's order as to the filing of the hospital records. The referee feels that no adequate disposition of this cause can now be had unless the hospital records in question are filed as required by the referee's order.

"It is, therefore, ordered that the claimant herein file the hospital records obtained by him from the Minnequa Hospital of the respondent employer, Pueblo, Colorado, on or before December 10, 1924, and that in the event of his failure to so file said hospital records on or before said date, that an order or award be entered on December 10, 1924, dismissing and denying the claim of the claimant herein for and on account of his failure to comply with the order of the referee above mentioned."

The claimant, on December 13, 1924, filed a part of the records required by the referee, and sought by affidavit to excuse his failure to fully comply with the referee's order. Thereafter, several hearings were had, at some of which the claimant was not present. However, on September 17, 1925, the referee made his "supplemental award," part of which is as follows: "Ordered, that the claim of the claimant for compensation and benefits filed herein October 17th, A. D. 1922, be and the same hereby is dismissed and denied on account of claimant's failure to prosecute said claim as required by law, and by the rules of this commission."

Thereafter, and on January 21, 1926, claimant filed a motion to vacate the order of the referee, of September 17, 1925, and supported this motion with his affidavit, in which he sought to excuse his failure to attend hearings. The motion was granted by the commission, the order being as follows:

"In the above entitled cause, the commission on its own motion, having fully reviewed all of the records and files herein and being convinced that the claimant's failure to appear at the various hearings heretofore set by the referee was not due entirely to neglect of the claimant,

and further finding that said claimant should be given a further opportunity to present further testimony herein as well as to cross-examine the witnesses for the respondent employer, it is ordered that a further hearing be held at such time as the referee may hereafter fix at Pueblo, Colorado, and for the purpose of receiving such additional testimony and affording the claimant the right to cross-examine witnesses for the respondent employer, and that all such testimony when so taken be thereafter certified to this commission for its further and final consideration.

"It is further ordered that in the event of the claimant's failure to appear at the hearing as herein provided, that the referee's award of September 17th, A. D. 1925, be affirmed as the final award of this commission."

Thereafter, and on April 19, 1927, the commission made its "supplemental award," part of which is as follows:

"In the above entitled cause, the commission having reviewed the entire file, including the further testimony taken herein, pursuant to the award of this commission, dated March 29, 1926, together with the briefs filed on behalf of the parties at interest, and being now fully advised in the premises, finds:

"That the claimant filed his claim for compensation October 17, 1922, alleging that he had sustained an accident on October 22, 1921, while employed by the Colorado Fuel and Iron Company, and that he was then unable to return to work as the result of such accident; that the referee, on September 17, 1925, dismissed and denied the said claim on account of the failure of the claimant to prosecute the claim as required by law; and under the rules of this commission; that the commission then reopened this claim for the purpose of receiving further testimony under its award of March 29, 1926.

"The commission finds that it erred in reopening this case on its own motion in the supplemental award of March 29, 1926; that the claimant has failed to establish

the fact that he sustained an accident on October 22, 1921, or on any other date, and he has failed to establish that his disability is due to any accident.

"The commission further finds that the claimant's disability, if any, is due to sciatica, a disease, and not due to any accident as defined by law.

"It is, therefore, ordered: 'That the claim for compensation, filed herein, be, and the same hereby is, denied."

Thereafter, and on May 6, 1927, the "supplemental award" of the commission was entered denying the "application for review of award," and in all respects affirming the award of the commission under date of April 19, 1927.

There is evidence in the record, although meager, which, if believed by the commission, supports its findings that "the claimant's disability, if any, is due to sciatica, a disease, and not due to any accident as defined by law." Under the statutes, as well as the repeated decisions of this court, we are bound by the determination and findings of the commission upon conflicting evidence. *Armour & Co. v. Industrial Commission,* 78 Colo. 569, 570, 243 Pac. 546; *Vaughn v. Industrial Commission,* 79 Colo. 257, 258, 245 Pac. 712; *Newkirk v. Golden Cycle Co.,* 79 Colo. 298, 299, 244 Pac. 1019; *Comstock v. Bivens,* 78 Colo. 107, 113, 239 Pac. 869; *Index Corp. v. Industrial Commission,* 82 Colo. 272, 275, 259 Pac. 1036; *Employers' Company v. Industrial Commission,* 82 Colo. 281, 285, 260 Pac. 106; *Rosenkranz v. Industrial Commission,* 83 Colo. 123, 124, 262 Pac. 1014; *Employers' Co. v. Industrial Commission,* 83 Colo. 315, 321, 265 Pac. 99.

The judgment is therefore reversed, and the cause remanded to the district court with instructions to set aside its judgment, and in lieu thereof, render a judgment affirming the award of the commission.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Campbell concur.