## No. 13,466.

### C. S. CARD IRON WORKS COMPANY ET AL. *v.* RADOVICH.
(30 P. [2d] 1108)

Decided March 5, 1934.

Mr. EDGAR McCOMB, Mr. MILTON D. GREEN, Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Deputy, for plaintiffs in error.

Mr. Fred S. Caldwell, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This is a workmen's compensation case. Plaintiff in error the C. S. Card Iron Works Company is hereinafter referred to as the company, plaintiff in error American Employers' Insurance Company as the insurer, plaintiff in error the Industrial Commission of Colorado as the commission, and defendant in error as the claimant.

While claimant was employed by the company he suffered a strained back. The injury arose out of and in the course of that employment. Liability was admitted. A hearing was had before a referee to ascertain the date of the termination of temporary, and the degree, if any, of permanent, disability. The finding was, "Back strain augmenting a previously existing diseased condition," that temporary disability ended December 30, 1930, and that as to permanent disability "none as the result of accident." Full compensation was paid accordingly. About two and one-half years later claimant asked for a rehearing; the commission reopened the case on its own motion, held further hearings, found no error, mistake or change in condition, and confirmed the award. Claimant thereupon brought this action wherein he had judgment vacating the award and ordering the commission to find the extent of claimant's permanent partial disability and to hold, as a matter of law, that claimant is entitled to compensation therefor. To review that judgment this writ is prosecuted.

Plaintiffs in error contended that this is a simple case of conflicting evidence and cite numerous cases in this jurisdiction, depending especially upon the following as involving similar conditions, and, as here, the testimony of physicians. *Industrial Commission v. Robinson,* 85 Colo. 279, 275 Pac. 903; *Rosenkranz v. Industrial Com.,*

83 Colo. 123, 262 Pac. 1014; *London Co. v. Sauer,* 92 Colo. 565, 22 P (2d) 624.

■ Counsel for claimant finds no serious fault with these authorities, but points out that the commission, on this conflicting evidence, found that the back strain "augmented" claimant's "previously existing diseased condition," and says that therefore, as a matter of law, claimant is entitled to compensation for his continuing partial permanent disability. This on the theory that the finding is conclusive on the fact that the strain is contributing to the permanent condition. In support of his contention he cites numerous authorities, depending especially upon the following as involving similar conditions. *U. S. Fidelity & Guaranty Co. v. Industrial Com.,* 76 Colo. 241, 230 Pac. 624; *Public Service Co. v. Industrial Com.,* 89 Colo. 440, 3 P. (2d) 799; *Warlop v. Western Coal & Mining Co.,* 24 F. (2d) 926. Then follows a vigorous attack upon the opinion evidence of physicians, as such, upon which the award largely rests. This argument is based mainly upon *Thoreau v. Industrial Accident Com.,* 120 Cal. App. 67, 7 P. (2d) 767, which, it is said, holds such evidence incompetent. If so, it is contrary to the established rule in this jurisdiction. See Robinson and Rosenkranz cases, supra. Also, S. L. 1923, p. 754, c. 203, §3.

■ On the whole this dispute here simmers down to a question of interpretation of the language used in the first report of the referee and confirmed in the final award. The injury was sustained May 1, 1930, and the language in question was employed January 15, 1931, in connection with a finding that temporary disability had ended two weeks earlier, which finding was affirmed after further hearings more than two years later. It is therefore perfectly apparent that it was the intention of referee and commission to find that the strain contributed to the disability from May 1, 1930, to December 30, following, at which time claimant had wholly recovered from the strain, and that no disability thereafter evident

was in any way connected with it. There was ample competent evidence to support that finding and it must stand.

The judgment is reversed and the cause remanded to the district court with directions to affirm the award.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.