No. 14,932.

SKJOLDAHL *v.* INDUSTRIAL COMMISSION ET AL.
(113 P. [2d] 871)

Decided May 19, 1941.

Mr. Frank J. Trelease, Jr., Mr. Leon H. Snyder, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. Henry L. Stark, Assistant, Mr. Edgar McComb, Mr. Mark H. Harrington, for defendants in error.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act of Colorado, in which plaintiff in error, to whom we hereinafter refer as claimant, was denied compensation by the Industrial Commission on the ground that there was no accidental injury. The question for determination as stated by the commission was, "whether claimant's condition is the result of carbon monoxide poisoning and therefore an accidental injury suffered within the course of his employment or a spontaneous brain hemorrhage neither caused nor aggravated by his employment." The commission found that the latter was responsible for claimant's disability and entered its award in favor of the employer. The district court affirmed this award.

Counsel for claimant concede that the testimony on the issues involved was extremely complex; moreover, they also admit that there was testimony to support the finding that claimant suffered from a spontaneous brain hemorrhage; but they say that because this testimony was only the opinions of experts—three eminent and skilled physicians—it was not sufficiently credible and substantial, and consisted only of guesses, opinions and hypotheses concerning the condition of claimant, whose

brain they never had seen, while some of claimant's witnesses had seen it during a surgical operation.

■■ No authority need be cited to the proposition that findings of the commission, based upon conflicting credible and substantial evidence, are binding on courts. Counsel for claimant contend that opinion evidence cannot raise a conflict with positive, undisputed testimony, and in support of this contention they cite *Finke v. Hess*, 170 Wis. 149, 174 N.W. 466. In that case, which was a malpractice suit, there was positive and undisputed evidence that in a mastoid operation the facial nerve was not severed, while there was opinion evidence that it was. We here have no such conflict. While some examination of claimant's brain was made, the evidence relating thereto was not of such character as to dignify it as positive and undisputed as to what the condition was. It was not direct and positive as to the existence or nonexistence of a spontaneous brain hemorrhage. Nor was there any positive and undisputed testimony that claimant's brain was damaged by the effects of carbon monoxide gas. Such evidence also was based upon opinion testimony given by medical witnesses, who testified on behalf of claimant. The evidence of the medical experts of the employer was in part based upon this testimony as well as the lay testimony with respect to just what had happened when claimant suffered the alleged injury. Counsel for claimant admit that the diagnoses made by their medical witnesses of claimant's condition presents "a rare case." That expert medical testimony given in a hearing before the Industrial Commission constitutes substantial, credible evidence is indicated in the opinions in the following cases: *Elleman v. Industrial Commission*, 100 Colo. 120, 66 P. (2d) 323; *Schwab v. Industrial Commission*, 103 Colo. 244, 85 P. (2d) 723; *Montgomery Ward & Co. v. Industrial Commission*, 105 Colo. 22, 94 P. (2d) 689; *Industrial Commission v. McKenna*, 106 Colo. 323, 104 P. (2d) 458.

■ The very able argument presented by counsel for claimant on the complex medical problems involved is enlightening, but our duty is limited to the ascertainment of whether the findings of the commission are based upon competent evidence. It determines the facts; we do not. There was positive testimony, based upon clinical blood tests of claimant, which were negative, indicating an absence of carbon monoxide poison. There is a conflict of opinion as to the merits of these tests and the conclusions to be drawn therefrom, due, probably, to the varying physical conditions found to exist at the different times the tests were made. These are questions which must be left to the fact-finding body, and they are not our concern. The commission found that claimant is suffering from a spontaneous brain hemorrhage, giving six reasons therefor, the sixth being as follows: "6. Because of the extreme rarity of mental sequelae following carbon monoxide poisoning, the Referee finds that claimant suffered a spontaneous brain hemorrhage on September 8, 1938, followed by a second and more severe hemorrhage on or about September 18, 1938, neither of which was caused or aggravated by an accidental injury arising out of and in the course of his employment."

We believe that there is substantial and credible evidence contained in the record which supports the findings and award of the commission. We may not agree with the commission's choice of evidence to support the findings, but that is beside the question. Having in mind the required liberal interpretation and application of the Workmen's Compensation Act, it would seem to us that it would have been more in harmony with the spirit of the act had the commission adopted the testimony in behalf of claimant. Since, however, it was the province of the commission to make the choice without interference from us, and that choice is sustained by competent evidence, under the settled rule in this jurisdiction, we may not disturb its findings. Our viewpoint on this evi-

dence is in accord with the following quotation from the brief of defendants in error: "If the Industrial Commission had found as a fact that the present disability of the claimant was due to carbon monoxide poisoning, we would not question that this testimony was sufficient, credible and substantial evidence to support such a finding of fact."

The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.