## No. 14,987.

ADOLPH COORS COMPANY ET AL. *v.* HOLLAUS.
(117 P. [2d] 822)

Decided September 15, 1941.    Rehearing denied October 14, 1941.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for plaintiffs in error.

Mr. CARL CLINE, Mr. KENNETH LORRIN SMITH, for defendant in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

In this proceeding under the Workmen's Compensation Act the following finding of the Industrial Commission was challenged by counsel for claimant as not being based upon competent evidence: "That the claimant has failed to establish the burden of proving that the decedent's death was in any material way hastened or brought about by the operation for the reduction of the umbilical hernia sustained in his accident of September 23, 1939."

September 23, 1939, claimant's husband sustained an injury, as a result of which he suffered from umbilical hernia. For the reduction thereof he was operated upon November 13, 1939, and was released from the hospital eleven days after the operation, cured of the hernia ailment. Thereafter he was up and about for some time, but was unable to work. It also developed that he was suffering from heart disease, latent syphilis and lung disease, and when it appeared that he was losing ground, he was rehospitalized March 26, 1940, "suffering at that time from cardiac decompensation occasioned by the condition existing in his lungs and died April 9, 1940, of pneumonia and advanced anthracosis as contributing or secondary causes of cardiac decompensation or heart failure, the direct cause of death."

The commission denied an award to claimant; its findings were vacated by the district court, with directions to the commission to make an award in her favor. In the district court counsel for claimant—the latter seeking compensation as a dependent—maintained that there was no competent evidence upon which to base the above finding, and this was the view taken by the trial court in its disposition of the case.

We have read and carefully considered the entire record, and it appears therefrom that there is a direct conflict in the evidence on the question as to whether decedent's death was in any material way hastened or brought about by the operation performed November 13, 1939.

■■ Since counsel for claimant do not point out the specific testimony which they claim to be speculative and incompetent to sustain the finding, we see no necessity of making a detailed resumé thereof. We may not agree with the commission's choice of the evidence —the writer of this opinion definitely does not—however, it is solely the province of the commission to make its choice without interference from us. *Skjoldahl v. Industrial Commission,* 108 Colo. 140, 113 P. (2d) 871, 872. We are concerned only with the proposition that the evidence which the commission elected to follow is competent to sustain its findings. Concerning this we have no doubt.

The judgment is reversed and the case remanded with directions to affirm the award of the commission.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD concur.