No: 15,112.

INDUSTRIAL COMMISSION ET AL. *v.* CARPENTER.
(126 P. [2d] 493)

Decided May 18, 1942.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant, Mr. LOUIS SCHIFF, for plaintiffs in error.

Mr. A. B. CROSSWHITE, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiffs in error are hereinafter referred to as the Commission, the District, and the Fund, respectively, and defendant in error as Carpenter.

Carpenter, while employed by the District on its drainage ditches, was injured by a slide. He filed his claim with the Commission, and the Fund, insurance carrier for the District, filed its admission of liability for temporary total disability for about four months on a basis of an average weekly wage of $16.12. Following a medical examination and report the Fund moved for permission to suspend payments on the expiration of the stipulated period. Hearings were had thereon and a referee ordered the payments extended for about five weeks, and awarded permanent disability to the extent of fifteen per cent as a working unit, a total of approximately $1,500. This was affirmed by the Commission and, neither party moving for review, that award became final. Thereafter Carpenter petitioned for a lump sum settlement and his petition was denied. Approximately three years after entry of the final award Carpenter petitioned to reopen because of changed conditions and his petition was granted. Hearings thereon finally resulted in a denial of further relief and a reaffirmation of the award. Carpenter thereupon sought this review by the district court whose judgment vacated the last award of the Commission and directed it to enter one for total permanent disability. To review that judgment this writ is prosecuted. The errors relied upon amount simply to an assertion that the judgment is not supported by the evidence and the district court clearly substituted its own conclusions for those of the Commission.

█ There was evidence of an accident incurred by Carpenter some two years prior to that in question and for which he received compensation for about five months. X-ray photographs were taken which disclosed arthritis and a conflict arose, even in the medical testi-

mony, as to what, if any, proportion of his present disability was due to the earlier accident and his previous physical condition. Counsel for Carpenter insists that the only conflict is a conflict in the opinions of the doctors and not in the facts upon which they are based, and that those facts are consistent with Carpenter's position and wholly inconsistent with the position of plaintiffs in error. With this we are unable to agree. We think one opinion is as well supported by the facts as the other. The rule of law governing is so well established and has been so often declared as to require no present elucidation. *Hayden Corporation v. Industrial Commission,* 94 Colo. 211, 29 P. (2d) 637; *American Mining Co. v. Zupet,* 101 Colo. 238, 72 P. (2d) 281.

■ The evidence is all before us and many pages of it are quoted in the briefs. Any attempt here to abstract or analyze it would serve no useful purpose. It is practically undisputed. The real question is one of expert interpretation of admitted facts, and we could only sustain this judgment by doing what the trial court apparently did, substituting our interpretation for that of the medical experts whose theory was adopted by the Commission. Counsel for Carpenter takes the position that we could do this because neither the courts nor the Commission are bound by the expert medical testimony. The law and the decisions are to the contrary. *C. S. Card Iron Works v. Radovich,* 94 Colo. 426, 30 P. (2d) 1108.

The judgment is reversed and the cause remanded to the district court with directions to affirm the award.

Mr. Justice Bakke, Mr. Justice Knous, and Mr. Justice Jackson concur.