No. 15,282.

CORDILLO, FOR HERSELF AND ON BEHALF OF CLARK,
A MINOR *v.* INDUSTRIAL COMMISSION ET AL.
(136 P. [2d] 671)

Decided April 12, 1943.

Mr. ROBERT H. CLOSE, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, As-
sistant, Mr. ALIOUS ROCKET, for defendants in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act in which plaintiffs in error, respectively the widow (since remarried) and the minor child of Val Clark, deceased, as claimants, seek the reversal of a judgment of the district court which affirmed an award of the Industrial Commission denying death benefits to claimants. As stated by counsel for claimants, the sole question before us is whether there is competent evidence in the record to sustain the commission's findings. It is unquestioned that on February 27, 1940, while in the regular employment of defendant in error employer, decedent was engaged in welding and repairing the teeth of a large geared drum, in which process a bar he was using to move the drum, slipped and struck him a forceful blow in the region of his right groin. In the mishap decedent also sustained a sprained back. Immediately thereafter he experienced severe pain and nausea, could not resume his work, and never returned to such employment. He did, however, in March, 1940, accept employment with another concern at Bonanza, Colorado, supervising the installation of mining machinery, in which he continued until he was hospitalized in Salida on April 15, 1940. He remained in the hospital until his death on July 25, 1940, which, as is uncontroverted, resulted from multiple abscesses in his lungs and liver, primarily due to thrombophlebitis—the formation of a blood clot in a blood vessel with a secondary inflammation of the veins.

For claimants it was testified, and not denied, that previous to the accident of February 27, decedent, aged thirty-one years at the time of his death, appeared to be in good health, but that thereafter until the time of his passing he progressively and rapidly lost weight and constantly complained of suffering from pain.

The commission found that from an anatomical and pathological standpoint the thrombophlebitis, which led to the formation of the multiple abscesses in the lungs and liver of decedent and finally resulted in his death, could not have been caused by the injuries he sustained in the accident of February 27, and so concluded that his death was not occasioned by an accident occurring in the course of his employment.

■■ The physician who attended decedent during his last hospitalization, testified that in his opinion the death was directly attributable to the accident of February 27, while two other physicians, testifying hypothetically from the evidence in the record, including the report of an autopsy and hospital records, stated that in their opinion it was not, and in support of this view expressed the reasons incorporated in the findings of the commission. Another physician, who participated in treating the decedent during his confinement in the Salida hospital, testified that it would be questionable whether the accident of February 27 was the cause of the death. Obviously, the controlling question was one which must be determined from expert medical testimony. That such testimony may be considered as substantial, credible evidence is well established in this jurisdiction (*Skjoldahl v. Industrial Commission,* 108 Colo. 140, 113 P. [2d] 871; *Iron Works v. Radovich,* 94 Colo. 426, 30 P. [2d] 1108), and the weight thereof is a matter exclusively for the commission (*Public Service Co. v. Industrial Commission,* 89 Colo. 440, 3 P. [2d] 799). In this situation, following a long and unbroken line of decisions, we cannot set aside an award of the Industrial Commission based on conflicting evidence of this nature. See, *Black Forest Fox Ranch, Inc. v. Garrett,* 110 Colo. 323, 134 P. (2d) 332, and *Skjoldahl v. Industrial Commission, supra.*

The judgment is affirmed.