## No. 16,207.

ICE *v*. INDUSTRIAL COMMISSION ET AL.

(207 P. [2d] 963)

Decided May 31, 1949.    Rehearing denied June 27, 1949.

Mr. BENTLEY M. MCMULLIN, for plaintiff in error.

Messrs. JANUARY & YEGGE, MARGARET R. BATES for defendant in error Continental Casualty Company.

Mr. JOHN W. METZGER, Attorney General, Mr. Jos. E. NEWMAN, Deputy, Mr. DONALD G. McKINLAY, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS controversy involves two claims filed by plaintiff in error, to whom we herein refer as claimant, for workmen's compensation benefits alleged to be due him on account of injuries sustained in the course of his employment. The employer of claimant operated a moving and storage business, and claimant's duties included the driving of trucks, moving of household goods of all kinds, and delivering household appliances sold by business houses. The accidents out of which these claims arise occurred on December 12, 1947, and on January 15, 1948.

As to the accident of December 12, 1947, the referee found that claimant sprained his back which aggravated a pre-existing arthritic condition; that claimant was able to, and did, return to full time work at his former wage on December 18, 1947; that claimant sustained no permanent disability as a result of that accident; and that there was no basis for an award of compensation since the temporary total disability of claimant continued for less than ten days.

Concerning the second claim resulting from the accident of January 15, 1948, the referee found that there was an accidental injury to claimant on that date; that the injury aggravated a pre-existing arthritis; that he was totally disabled from work from February 27, 1948, until March 25, 1948, on which date he had recovered from the effects of the injury; and that no permanent

disability was sustained by claimant as a result of the said accident. Claimant's demand for benefits accruing subsequent to March 25, 1948, was denied.

The findings of the referee in each case were affirmed and approved by the Industrial Commission. The above entitled action was filed in the district court where the awards of the Industrial Commission were in all respects sustained.

Relating to the accident of December 12, the evidence is undisputed that claimant on December 18, 1947, returned to full time employment at the same wage he theretofore received, and that he continued in such employment until January 15, 1949. While claimant worked full time for the same employer and at the same wage during this period, it is clear that he did not perform the same duties as were required of him prior to the accident of December 12. Claimant's employer testified in substance that upon claimant's return to work he gave him light work that was easy for him, moving things that one man could handle, such as package delivery work and small household items. He stated that he paid claimant the same wages even though he was doing lighter work, because he was a good man and he didn't want to lose him.

Under these circumstances it is contended by claimant that the findings of the commission concerning the accident of December 12, are insufficient upon the question of claimant's recovery. It is argued that the commission should have clearly indicated whether in its opinion claimant had recovered, and that in the absence of a "clear and legally sufficient finding upon the question of recovery this court is authorized to consider the evidence given before the referee, arrive at its own conclusions, and make the proper order." It is contended that this court should find that the claimant had not recovered from the effects of said accident at the date of the hearing, which was held on April 23, 1948, and order the record returned to the commission for its

determination of the extent of disability and for an award of proper compensation.

The testimony of the physicians who examined the claimant concerning the effects upon him of the accident of January 15, 1948, is in conflict. Claimant testified that after the second accident he did not stop work immediately thinking that, "perhaps the condition would go ahead and start getting better again, but instead of that it just gradually got worse." He continued to work until February 27. On March 29, 1948, claimant started doing light work, painting and gardening, but he testified that this work seemed to aggravate his condition. He further testified that, upon the advice of Dr. Bartlett he remained away from work for a week following the 10th of April, and that he resumed work on the 19th of April and had been working since. The following appears in the testimony of the claimant: "Q. Are you working part time? A. No, putting in full time, with the exception of when I go to the doctor, and that is a half-day. The Referee: At the same pay? The Witness: Yes. * * * Q. How does this work affect you at the present time? A. Well, at the present time it still seems to aggravate the condition some, not near like it did when I was working, but then, I am not doing the same type of work by a long shot."

The testimony of every physician who examined the claimant, and the x-ray photographs which were taken in connection with his alleged injuries, show that claimant had an arthritic condition of the spine which existed prior to the accident of December 12, 1947. Dr. Samuel P. Newman, a witness called by the commission, qualified as an expert in orthopedic surgery. He examined the claimant on March 22, 1948, and among other things stated as follows:

"A. Well, from an objective viewpoint, this man did not disclose very much in an abnormal way. As a matter of fact, about the only thing physically in the clinical examination he showed was a little guarding of

cervical motion in flexion and rotation. There was mild tenderness noted over the lower cervical region on palpation, and then I examined some x-rays made at the office of Dr. Jackson on December 15, 1947, and these films were negative, except for a little arthritic change in the small joints, the articular facet joints of the sixth and seventh cervical vertebrae. This man had no muscle spasm and I didn't find any limitation of motion, no abnormal curvatures in the spine, and he had, subjectively, a little paresthesia in two of his fingers which could not be definitely delineated, but could certainly be present from a little nerve irritation. I believe that generally covers the findings. * * * Q. What was your conclusion from your examination? A. I thought this man had an arthritis of the cervical spine, mild, and that at the time I examined him he had no disability that I could find as a consequence of any injury, because his symptoms were so extremely mild on March 22d, and could be readily explained on the arthritic change found. Q. I didn't hear that last, Doctor. A. Could be readily explained on the arthritic change which was found. Q. Then; you felt, Doctor, that any complaints he had as of March 22d were attributable to the arthritis and not to the injury of December 12, 1947? A. That was my opinion. Q. State whether or not the arthritis pre-existed the injury of December 12. A. It did pre-exist it, because it was demonstrated by x-ray on December 15, 1947, and such changes cannot occur and be demonstrated by x-ray in a two- or three-day period."

Dr. Milton F. Bartlett was called by claimant and qualified as an orthopedic physician and surgeon. He examined claimant on the 8th day of April, 1948. He stated that he thought the claimant had "arthritis in the sixth and seventh cervical and the first dorsal" vertebrae. He did not know that x-rays had been taken at that time, and saw none. He stated that from the history of the case the claimant "had arthritis which

was started up by this injury." He concluded his evidence with the following statement: "A. Well, I think at the present time he is unable to do any kind of work. He might be able to be trained, or learn to do some other work, which, I imagine he could do, but I suppose this arthritic condition will pipe down, but I think he shouldn't be able to do any more moving, really, and I have talked to him about it myself, but as far as giving any percentage estimate at the present time, I think it would be just impossible."

We deem it unnecessary to quote further from the evidence, since the foregoing is sufficient for a proper solution of this controversy.

Claimant argues that the findings and awards of the referee in both cases are "based on inferences improperly drawn," or have no support by substantial evidence; that the pre-existing arthritis, which was aggravated by the accident, is no bar to recovery; and that as to each accident there is no substantial evidence of recovery by claimant from injuries sustained.

Questions to be Determined.

■ First: *In a workmen's compensation case in which claimant suffered a brief total disability through accident, is it essential to a valid award that the referee make a specific finding that the claimant had fully recovered from said injuries, where the undisputed evidence further shows that claimant in fact returned to full time employment at his regular wage and continued in such employment until again injured on a subsequent date?*

This question must be answered in the negative. It is a sufficient answer to the contention of counsel for claimant, relating to the sufficiency of the referee's findings, to state that benefits under the Workmen's Compensation Act are based upon the loss or impairment of the earning power of the workman. They protect against an actual loss of earnings which must be shown to have been occasioned during the period of

time for which the claim for benefits is made. An award for disability, either permanent or temporary, presupposes the actual inability of the workman to earn as much, because of the injury, as he was able to earn prior thereto. *Federico's Case,* 283 Mass. 430, 186 N.E. 599, 88 A.L.R. 630. The claimant in this cause remained out of employment on account of the accident of December 12 for only six days. The statute provides: "If the period of disability does not last longer than ten days from the day the employee leaves work as the result of the injury, no disability indemnity whatever shall be recoverable * * * .'35 C.S.A., c. 97, §349 (a). It cannot successfully be contended that the claimant was unable to earn an amount equal to his regular wage after the accident of December 12th, in face of the undisputed evidence that he in fact did work at full employment and in fact did receive his regular wage until the occurrence of the second accident, which resulted in a cessation of work. For the time he was not employed following the second accident he received compensation. Under this state of the record there is no basis for an award of compensation resulting from the accident of December 12, 1947, and the trial court correctly ruled, in affirming the award of the Industrial Commission.

Second: *Is there sufficient evidence to support the findings of the commission that no permanent disability was sustained by claimant as a result of the accident of January 15, 1948, and that claimant had recovered from the effects of said accident?*

Counsel for claimant strenuously argues that the findings of the commission are without substantial support in the evidence, in so far as the commission found that claimant had suffered no permanent disability as a result of the accident, and that he had recovered from any ill effects thereof. Upon this erroneous assumption it is argued that the pre-existing arthritis is not a bar to the right to benefits. We have pointed out parts of

the testimony which substantially support the findings of the commission of which claimant complains. In order to sustain the argument of claimant's attorney it would be necessary for us to hold that all the competent evidence tended only to establish permanent disability and that as a matter of law the fact of permanent disability was not controverted. We cannot so hold.

It is argued that "the pre-existence of latent arthritis rendered incapacitating by accident is no bar to recovery." This statement is correct so far as it goes and is supported by the decisions of this court. See, *Allen v. Gettler,* 94 Colo. 528, 30 P. (2d) 1117. In the case at bar, however, it is not the fact that claimant had pre-existing arthritis that bars the allowance to him of any additional compensation. It is the fact that the commission found that he had no remaining disability attributable to accidental injuries, sustained in the course of his employment, which prevents payment of benefits for permanent disability. This finding has ample support in the evidence. In *Industrial Commission v. Carpenter,* 109 Colo. 479, 126 P. (2d) 493, the district court vacated the award of the commission and directed it to enter an award for total permanent disability. In reversing the judgment we stated: "The real question is one of expert interpretation of admitted facts, and we could only sustain this judgment by doing what the trial court apparently did, substituting our interpretation for that of the medical experts whose theory was adopted by the Commission. Counsel for Carpenter takes the position that we could do this because neither the courts nor the Commission are bound by the expert medical testimony. The law and the decisions are to the contrary. *C. S. Card Iron Works v. Radovich,* 94 Colo. 426, 30 P. (2d) 1108." This language is particularly applicable to the case at bar.

The judgment is accordingly affirmed.

Mr. Justice Stone and Mr. Justice Hays not participating.