No. 15,453.

KAMP, DOING BUSINESS AS KAMP MOVING AND STORAGE COMPANY *v.* DISNEY ET AL.

(145 P. [2d] 877)

Decided January 31, 1944.

Mr. Samuel Chutkow, Mr. Noah A. Atler, Mr. Louis J. Freehof, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. St. George Gordon, Assistant, Mr. James E. Griffith, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This is a workmen's compensation case. It was before us on a former occasion (*Kamp v. Disney,* 110 Colo. 518, 135 P. [2d] 1019), at which time we sustained the judgment of the district court affirming the findings and award of the Industrial Commission granting compensation to claimant for injuries sustained in an admitted accident. The instant proceeding has to do with the claim for compensation benefits for permanent partial disability which subsequently was allowed by the commission and approved by the district court. Kamp, the employer, seeks reversal on a writ of error.

The challenged portion of the award is in words and figures as follows: "The referee finds that claimant was suffering from arthritis prior to his accident but that

the accident aggravated his condition. He has sustained permanent disability equivalent to twenty per cent as a working unit due to his accident. Claimant has a total disability of fifty per cent as a working unit but the disability over and above twenty per cent is due to claimant's preexisting arthritis. Claimant was born August 5, 1903, and was thirty-nine years of age on the date he attained his maximum improvement. His expectancy of life is 28.90 years."

Employer's specification of points may be summarized in the proposition, "that the claimant, according to all of the medical testimony, would, within a maximum of five years from the date of the accident, have been disabled to the extent of fifty per cent, as he was at this time, from the natural progress of the disease," and that therefore the commission was clearly in error in finding that claimant had sustained a twenty per cent permanent partial disability as a result of the injury and allowing compensation therefor during his life expectancy.

The question of permanent partial disability involved in this case is to be determined under the provisions of section 357, chapter 97, '35 C.S.A., which provides, inter alia: "The commission shall ascertain in terms of percentage the extent of general permanent disability which the accident has caused, taking into consideration not only the manifest weight of evidence, but the general physical condition and mental training, ability, former employment and education of the injured employee. The commission shall then determine the injured employee's expectancy of life * * * [and] then ascertain the total amount which said employee would receive * * *."

■ Counsel for plaintiff in error state that "all of the medical testimony" shows that claimant would have had the same percentage of disability from the natural progress of arthritis within a maximum of five years from the date of the accident, regardless of the injury sustained. With this contention we cannot agree. It is

true that some statements in the record are to that effect, but they are clearly in conflict with the positive medical testimony quoted infra. ` "The extent of the partial disability also is a question of fact." 71 C.J. 1163.

As has been noted, the statute requires the commission to determine "in terms of percentage the extent of general permanent disability which the accident has caused * * *." If the record discloses there was competent medical testimony upon which the commission was justified in finding that the accident was the contributing cause of twenty per cent of the disability, we should not disturb the commission's findings.

Dr. Wilcox testified as to percentage of disability and during his examination was asked the question, "So at least twenty-five per cent of the disability then is due to his accident?" To which he replied, "Yes sir, it is, at least twenty-five or thirty percent." The following occurred during the examination of Dr. Tedrick, a radiologist: "Q. Can you segregate the percentage due to the accident, the percentage of his permanent disability? A. Well, I am inclined to believe that we agree he has a total disability of fifty per cent as a working unit, that because of the accident that should contribute at least twenty-five per cent of that. That is the way I feel about it. Q. And you feel that is the permanent disability due to the accident? A. Yes." On cross-examination, he stated: " * * * I say I think of that fifty per cent half is due to the conditions set up by the accidents * * *." On redirect examination, he was asked the following question: "You do feel taking everything into consideration that twenty-five per cent of Mr. Disney's present condition could be attributed to the accident * * *," and answered: "I do."

Dr. Gould, another medical witness, was asked the question, "You do feel at the present time the accident was the sole and contributing influence to Mr. Disney's permanent condition, arthritic condition?" He replied, "I believe it was."

■ Concerning the powers and duties of the Industrial Commission under the statute, we said, in the case of *Employers' Mutual Ins. Co. v. Industrial Com.,* 65 Colo. 283, 176 Pac. 314: "The method used to calculate the amount of compensation appears to have not only been a proper one, but the only practicable one. It was plainly necessary to discover to what extent claimant was disabled, as that is the basis upon which he was to be compensated, and without which determination he could receive no compensation. The extent of the disability having been ascertained, and the condition determined to be permanent, it was permissible for the commission to ascertain and consider the life expectancy of claimant as an aid to fixing the aggregate amount due him under the statute. Inasmuch as the statute provides a maximum amount which a claimant may receive for permanent partial disability, his life expectancy is at least a proper element for consideration to assist in determining whether he is entitled to the full maximum allowance or a less sum." See, also, *London Guarantee & Accident Co. v. Industrial Com.,* 70 Colo. 256, 199 Pac. 962.

■ Typical of the cases upon which counsel for employer rely are: *Rosenkranz v. Industrial Com.,* 83 Colo. 123, 262 Pac. 1014; *Scarborough v. Beardmore,* 55 Ida. 229, 41 P. (2d) 290; *Tanenbaum v. Industrial Accident Com.,* 4 Cal. (2d) 615, 52 P. (2d) 215. The ultimate rule is, "that the determination of the percentage of disability is a matter left to the sound discretion of the commission." *Tanenbaum v. Industrial Accident Com., supra.*

We think the record here shows no abuse of discretion on the part of the commission in making its award.

Judgment affirmed.