## No. 19,353.

### GENE O. MATHEWS v. INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(355 P. [2d] 300)

Decided September 19, 1960.

Messrs. KNOWLES & SHAW, Mr. JERRY L. SMITH, for plaintiff in error.

Miss MARGARET R. BATES, for defendant in error Mountain Mud Company and Maryland Casualty Company.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

PER CURIAM.

PLAINTIFF in error Mathews, claimant before the Industrial Commission and plaintiff in the trial court, will be referred to as claimant. Defendants in error Industrial Commission of Colorado, Mountain Mud Company and the Maryland Casualty Company will be referred to as the commission, the employer, and the insurer, respectively.

Claimant seeks reversal of a judgment affirming an award of the commission denying compensation to claimant in the amount to which he claims to be entitled.

The action arose out of a claim for permanent disability resulting from an accident arising out of and in the course of claimant's employment in September 1956. Both employer and insurer admitted the accident and general liability for the resulting disability. Following claimant's injury, medical examination disclosed a pre-existing congenital condition known as spondylolisthesis, a disruption of the bony structure of a part of the vertebra. A hearing was had before a referee of the commission for the purpose of determining the percentage of permanent partial disability of claimant. Medical experts were of the opinion that successful surgery by spinal fusion would reduce claimant's permanent disability. One medical expert estimated his present permanent disability to be approximately 25% as a working unit, and that a successful spinal fusion would decrease

such disability to between 5% and 10%. Another estimated the present disability to be 15%, with 7½% to 10% remaining after successful surgery.

It was disputed at the hearing whether the insurer had offered, and the claimant had refused, surgery as directed by C.R.S. '53, 81-12-12 (3) (Supp.). The commission found that refusal to accept corrective surgery was without reasonable cause and that successful operative treatment would reduce claimant's disability to 8% as a working unit; that claimant is nevertheless entitled to receive compensation based upon the percentage of disability which would exist if such operation were performed. It further found that 50% of claimant's existing disability is due to his injury and 50% chargeable to his pre-existing condition, and made an award based upon one-half of the percentage of permanent disability found. The correctness of this latter finding is the question we are called upon to determine.

Upon hearing, the trial court remanded the cause to the commission for a finding as to whether claimant's refusal to accept surgery was reasonable, but declined to require the commission to re-determine the amount of the award to which claimant was entitled, assuming successful surgery had been performed. The commission thereupon submitted its finding that the claimant's refusal to accept surgery was without reasonable cause. The court then affirmed the finding and award and dismissed the action.

The principal ground of error urged by claimant is that, even if the element of surgery was properly considered by the commission, the trial court erred in failing to remand the cause to the commission for entry of an award based upon the full amount of claimant's disability as the commission found would have remained after successful surgery.

The findings and conclusions of the commission that 50% of claimant's disability is due to his pre-existing

condition is apparently based solely on the testimony of the medical witness Newman as follows:

"Q. Do you have an opinion, Dr. Newman, as to how much of the claimant's existing disability is due to the congenital condition of spondylolisthesis, and how much is due to the injury that he described? A. Not except on a somewhat *arbitrary* basis. I believe it would be *reasonable* to attribute *about* one-half to each, which would be 7½% as a working unit to his spondylolisthesis and about 7½% to the aggravation."

No other evidence appears in the record upon which to base an allocation of claimant's disability as between the pre-existing condition and its aggravation. "Not except on a somewhat arbitrary basis," or believing "it would be reasonable to attribute about one-half to each * * * " is not evidence having sufficient probative value to justify an award of only 4% disability where the commission had already determined that the resulting disability would be 8%. Mere conjecture or possibility does not take the place of direct or circumstantial evidence. No number of mere possibilities will establish a probability. *D. & R. G. Co. v. Thompson,* 65 Colo. 4, 169 Pac. 539.

The claimant testified, without challenge, that prior to his accident he had been in good physical condition, had been holding a job where driving long distances, lifting fifty and one hundred pound sacks of chemicals, and other hard, and sometimes rigorous, physical exertion was required, from which he experienced no discomfort; that he had actively participated in such athletics as football, track, baseball and boxing, all without difficulty or pain and was unaware, until the medical examinations, that he had a congenital condition. It is admitted that the accident occurred and that it arose out of and in the course of claimant's employment. It is equally clear that since the accident claimant's abilities as a working unit are impaired. Here the claimant has shown a causal connection between the

accident and an aggravation of a pre-existing condition constituting the proximate cause of his present disability. "Opinion must fall before the actual fact that claimant was able to work *before* the accident." *Vanadium Corp. of Am. v. Sargent,* 134 Colo. 555, 563, 307 P. (2d) 454.

From the medical testimony the commission could find that with successful operative treatment claimant's disability would be reduced to 8% as a working unit. But from the entire record we conclude that the allocation of disability between claimant's pre-existing condition and its aggravation, cannot be justified, other than on "an arbitrary basis," so as to attribute one-half, or any, of the 8% disability to claimant's pre-existing congenital condition.

The judgment is reversed and the cause remanded with directions to remand the cause to the Industrial Commission with instructions to enter an award for claimant based upon his disability of 8% as a working unit.

MR. CHIEF JUSTICE SUTTON, Mr. JUSTICE MOORE and MR. JUSTICE DOYLE concur.