Opinion by
Mr. Justice Sutton.
This is a workmen’s compensation proceeding in which review is sought of a judgment of the district court vacating the findings and award of the Industrial Commission of Colorado as to the percentage of permanent- disability suffered by claimant as a result of an accident arising out of and in the course of his employment.
Plaintiffs in error, Industrial Commission and Ben Hailpern, were defendants in the trial court and will be referred to as “commission” and “claimant” respectively. Defendants in error, Navajo Freight Lines and Employers’ Mutual Liability Insurance Company of Wisconsin, will be referred to as “employer” and “insurer” respectively.
Claimant was employed by employer as a mechanic. On June 28, 1957, while pulling or prying on an engine in one of employer’s trucks, he sustained an injury to his back, Shortly thereafter, on July 1, 1957, he reported to Dr. Herbert Markheim who had previously treated him for a similar injury in 1955. Dr. Markheim’s examination indicated that claimant had re-injured his back and that further treatment was necessary. Subsequently claimant filed a claim for compensation and a hearing was held. The referee found that claimant’s back strain was an accident arising out of and in the course of employment and that it apparently was a re-occurrence of a previous back condition. The referee then ordered the employer and insurer to arrange for further examinations of claimant. Accordingly Dr. Markheim periodically examined claimant from December 1957 until July 1959. Claimant did not lose any time as a result of this accident but continued in his emuloyment at a less strenuous job. After examining claimant in July 1959 Dr. Markheim filed a report with the commission in which he diagnosed claimant’s condition as a “degenera *88 tive disc with hypertrophic arthritis of the lumbosacral joint.” His report stated that claimant had reached a stationary condition and no further treatment was indicated and that his permanent disability due to the accident in June 1957 was 5%. Thereafter a hearing was conducted before the referee in order to determine the extent of claimant’s permanent disability.
At the hearing Dr. Markheim’s report was received in evidence. Upon cross-examination by the employer and insurer, testimony was elicited to the effect that an X-ray examination by Dr. Markheim, conducted immediately after the June 1957 accident, revealed that some pathological changes had occurred between the time of his treatment of claimant for a similar injury in 1955 and his examination following the June 1957 accident. Upon further questioning Dr. Markheim stated that as much as one-half of claimant’s disability might be attributable to the prior condition resulting from the 1955 accident.
There was also received in evidence a report of an examination in August 1959 by a Dr. Matchett. This examination was arranged by the employer and the examination-report estimated claimant’s disability resulting from the June 1957 accident at 2%%. This report was received without objection by claimant and without cross-examination of Dr. Matchett. At the conclusion of the hearing the referee found that claimant was permanently disabled to the extent of 5% as set forth in Dr. Markheim’s written report before the hearing, and ordered the required weekly payment to be made to claimant.
Upon review the commission affirmed the referee’s award, whereupon employer and insurer sought further review in the district court. Upon hearing the trial court entered a judgment remanding the cause to the commission with instructions to enter an award fixing claimant’s permanent disability at 2Motion for a new trial was dispensed with and the commission and claimant are here by writ of error seeking reversal.
*89 The sole issue for determination here is whether there was sufficient evidence to sustain the final award by the commission of 5% permanent disability due to the accident in June 1957. For if such evidence is present, then the district court was without authority to disturb the award, Montgomery Ward & Co. v. Industrial Com., 105 Colo. 22, 94 P. (2d) 689 (1939); Vanadium Corporation of America v. Sargent, 134 Colo. 555, 307 P. (2d) 454 (1957). On the other hand, if the award was based on evidence insufficient as a matter of law, then the court acted properly in setting the award aside. Industrial Com. v. Royal Indemnity Co., 124 Colo. 210, 236 P. (2d) 293 (1951).
The testimony in this case is undisputed that the present injury aggravated a previously existing condition resulting from the prior accident of 1955. Claimant testified to the similarity of symptoms following both accidents. It was Dr. Markheim’s final conclusion that claimant had not incurred a 5% disability as a result of the June 1957 accident but rather had suffered an aggravation of a pre-existing condition, to which he attributed 2Yz% of the present condition. This was also the conclusion of Dr. Matchett, whose report was received in evidence.
In its brief the commission relies on Matthews v. Industrial Commission, 144 Colo. 146, 355 P. (2d) 300 (1960), for the proposition that were we to sustain the judgment of the district court we would, in effect, be basing an award of 2%% on the type of evidence found objectionable in Matthews. In Matthews the commission found that 4% of the claimant’s disability was allocable to a pre-existing condition and consequently limited the award to the 4% disability incurred by the subsequent accident. Based on the evidence in that case such a finding was arbitrary and unsupported by any evidence. Accordingly the judgment was reversed and the commission directed to enter an award for the claimant of 8%. In the case at bar, although Dr. Markheim stated *90 that an allocation was difficult, he did acknowledge that 2Y2% was his final figure, and this allocation of 2l/z% was substantiated by the medical report of Dr. Matchett. Thus, contrary to the Matthews case, we have the calculated estimates of two medical examiners both of whom ultimately agreed on the percentage of allocation due to the accident of June 1957.
In conclusion we point out that the fact that Dr. Markheim at first believed the disability to be 5% does not create a conflicting evidence question to support that award when he later changed his testimony to 2xh°/o. Thus the commission’s award of 5% disability due to the June 1957 accident was erroneous as a matter of law, there being no evidence to support it.
The judgment is affirmed.
Mr. Chief Justice Day and Mr. Justice Hall concur.