Mr. Justice Moore
delivered the opinion of the Court.
Plaintiff in error, to whom we will refer as Powers, was the claimant before the Industrial Commission and plaintiff in subsequent proceedings in the district court of the City and County of Denver. Wm. Van Genderen Company was the employer of Powers and will be referred to as such; other defendants in error will be mentioned as the Fund and the Commission respectively.
This writ of error involves an industrial accident which occurred October 12, 1959. Prior to that date claimant had suffered two other industrial accidents, the first of which occurred in 1949 and the second on January 31, 1958.
Shortly after the accident of October 12, 1959, Powers made claim for benefits under the Workmen’s Compensation Law, and the Fund on its own behalf and on behalf of the employer filed its General Admission of Liability. Following hearings on the question of permanent partial disability the referee made findings that the claimant was permanently partially disabled to the extent of 30% as a working unit. The referee further found that as a result of the industrial accident which occurred in 1949 Powers had received an award of 25% permanent partial disability as a working unit, and that because of such prior award he was only entitled to a 5% increase in permanent partial disability due to the *563 1959 accident. The Commission upheld the order of the referee and entered its award accordingly. Upon review in the district court judgment entered affirming the award of the Commission.
It is undisputed that notwithstanding the award of 25% disability following the 1949 accident, Powers returned to full time employment as a structural steel worker and that for eight years immediately prior to the 1959 accident was steadily employed and was not in any manner prevented from doing all the heavy work required in that hazardous occupation. The industrial accident which occurred in 1958 was minor and resulted in no disability, and Powers returned to full time employment after a few days. There was ample evidence to sustain the findings of the Industrial Commission that at the time of the hearing on the question of permanent disability Powers had suffered a 30% permanent partial disability as a working unit.
An important fact to be borne in mind is that no examining physician expressed an opinion with reference to any percentage of disability which Powers actually had immediately prior to the 1959 accident. One doctor stated that the disability existing after the 1959 accident was about 30% as a working unit. He then made the statement: “Patient apparently already has 25% rating, thus would deserve only 5% additional rating.”
This assertion was based exclusively on hearsay information concerning the award following the 1949 accident. It was an assumption of fact on the part of the doctor, without any legal basis. Following the 1959 accident another doctor testified with reference to the percentage of permanent disability:
“At this time I estimated his industrial disability to be about 30% as a working unit fairly attributable to his neck problem. * * * If he had been awarded 25% as a working unit previously then I think 5% of this *564 fairly attributable to the most recent injury of October 12, 1959.”
All the medical testimony assumes without question that just prior to the 1959 accident Powers was 25% disabled as a working unit. The uncontradicted evidence is that he had completely recovered from any disability resulting from the 1949 accident and had for eight continuous years demonstrated conclusively that he was entirely free from disability of any kind as far as his efficiency and effectiveness as a working unit is concerned.
The sole question for determination is whether under the instant record the Industrial Commission was authorized to deduct the 25% disability which had been awarded following the 1949 accident. The question is answered in the negative. Two recent opinions of this court deal with similar factual situations. In Mathews v. Industrial Commission, et al., 144 Colo. 146, 355 P. (2d) 300, we find the following:
“The claimant testified, without challenge, that prior to his accident he had been in good physical condition, had been holding a job where driving long distances, lifting fifty and one hundred pound sacks of chemicals, and other hard, and sometimes, rigorous, physical exertion was required, from which he experienced no discomfort; that he had actively participated in such athletics as football, track, baseball and boxing, all without difficulty or pain and was unaware, until the medical examinations, that he had a congenital condition. It is admitted that the accident occurred and that it arose out of and in the course of claimant’s employment. It is equally clear that since the accident claimant’s abilities as a working unit are impaired. Here the claimant has shown a causal connection between the accident and an aggravation of a pre-existing condition constituting the proximate cause of his present disability. ‘Opinion must fall before the actual fact that claimant was able *565 to work before the accident.’ Vanadium Corp. of Am. v. Sargent, 134 Colo. 555, 563, 307 P. (2d) 454.
“From the medical testimony the commission could find that with successful operative treatment claimant’s disability would be reduced to 8% as a working unit. But from the entire record we conclude that the allocation of disability between claimant’s pre-existing condition and its aggravation, cannot be justified other than on ‘an arbitrary basis,’ so as to attribute one-half, or any, of the 8% disability to claimant’s pre-existing congenital condition.
“The judgment is reversed and the cause remanded with directions to remand the cause to the Industrial Commission with instructions to enter an award for claimant based upon his disability of 8% as a working unit.”
The holding of this court in Mathews, supra, was cited with approval in Parrish v. Industrial Commission, et al., 151 Colo. 538, 379 P. (2d) 384, in which it was said:
“It follows that in the instant case it was not error for the commission to refuse to allocate any portion of claimant’s 5% disability to any alleged prior back condition or injury since there is no evidence of what that percentage should be and it could only be done on an arbitrary basis.”
In the first case above cited this court reversed the judgment of the trial court which upheld the action of the Commission in reducing the percentage of disability found to exist following an industrial accident, where the record failed to disclose legal justification for the reduction. In Parrish, supra, it was contended that the Commission erred in refusing to reduce the percentage of permanent disability because of a previous back injury. The doctors in that case failed to allocate any part of her injury, as evidenced after the industrial accident in question, to any previously existing condition or injury. This court affirmed the judgment of the trial court which upheld the Commission.
*566 The instant case is comparable to the cases cited. The 25% permanent partial disability awarded Powers in 1949 was assumed to be a correct rating ten years later, when the record conclusively establishes the fact that Powers was suffering from no disability for several years prior to the accident of 1959. As stated in Vanadium Corp v. Sargent, 134 Colo. 555, 307 P. (2d) 454:
“Opinion must fall before the actual fact that claimant was able to work before the accident.”
We think it proper to direct attention to the fact that the instant case is governed by the statute as it existed prior to the amendment adopted by the General Assembly in 1963. C.R.S. ’53, 81-8-2 (2).
There was evidence to sustain the finding of the Commission that Powers was 30% disabled as a working unit and this finding should be affirmed. The trial court erred, however, in affirming the order of the Commission in deducting 25% allegedly attributable to the 1949 accident. Accordingly the judgment of the trial court is reversed and the cause remanded with directions to order the Commission to make an award to the claimant of 30% permanent partial disability as a working unit resulting from the 1959 accident.
Mr. Justice Hall not participating.