Opinion by
Mr. Justice Day.
Plaintiff in error, to whom we will refer as claimant, would have us reverse a Jefferson County district court *441 judgment affirming an award of the Industrial Commission.
Claimant sustained an admitted industrial injury while lifting a load of dirt in the course of his employment with the Public Service Company. The injury was an aggravation of a preexisting spondylolisthesis. Corrective surgery, authorized by the employer, was performed, temporary total disability occasioned by the surgery was awarded, and the Commission found that the residual permanent physical impairment directly attributable to the surgery was 4% as a working unit and based its award on that.
I.
 Claimant first contends that the Commission in making its award failed to consider his “* * * general physical condition and mental training, ability, former employment and education * * We find this contention without merit. The referee’s findings of fact, adopted by the Commission, contain references to plaintiff’s previous education and employment, and the record contains an abundance of evidence of the factors in question. For example, the testimony established that the claimant was thirty-three years old at the time of the accident, had a high school education, and had been employed by the Public Service Company for one year and one month as an apprentice lineman. Before that he had worked on a farm, been a truck driver, was a heavy equipment operator and driving training instructor in the army; he had done extensive work as a law enforcement officer, and, at the time of the hearing, was a caretaker on a ranch. As a law enforcement officer, training instructor in the army, and apprentice lineman, claimant had received additional on-the-job training and education and had showed no difficulty in learning new skills. Prior to the injury he had been in the cattle business, and he testified he was looking for land to purchase. His general health was described as good. There was testimony that the representatives of his employer *442 advised him to seek other training and education and advised him of the procedure to follow in order to find other employment opportunities with the employer. As was said in Tillman v. Capitol Hill Transfer and Storage Co., 165 Colo. 514, 440 P.2d 152:
“‘[The] presumption exists that in making an award for disability under [C.R.S. 1963, 81-12-9], the commission considered and gave due weight to all of the factors therein enumerated. * * *’ Bayouk v. Industrial Commission, 106 Colo. 430, 105 P.2d 1087.”
II.
The essence of the claimant’s second argument is that an award of 4% permanent-partial disability is too little. In this connection the Commission, in addition to considering the foregoing factors, weighed the conflicting medical testimony of two doctors. Testifying for the claimant was Dr. Donald S. Harder who treated the claimant after his injury. He performed the surgery. He did not recommend any further surgical intervention, despite the existence of some continuing discomfort in the claimant’s low back. He reported that the claimant had reached maximum improvement and that he had a 10% permanent partial disability as a result of his back condition. He stated that the claimant is incapable of any occupation requiring heavy lifting, bending, prolonged sitting, or prolonged standing. He recommends rehabilitation into an occupation requiring none of these. He did not allocate any of the disability to the preexisting spondylolisthesis.
Dr. E. Howard Fralick, who was engaged by the employer to examine the claimant, gave the opinion that the claimant would have some relief of syptomatology with a further fusion. He did not feel, however, that such refusion, if successful, would lessen the physical impairment suffered by the claimant, which he found to be 8%. Dr. Fralick attributed 4% of the overall physical impairment to the preexisting spondylolisthesis, which in this case consisted of forward slippage of the L5 vertebra due *443 to a defect in the articular facet of that vertebra, and 4% due to the surgery, limitation of motion and scarring.
It is apparent that a conflict of expert opinions was presented to the Commission. In accordance with well established law, the Commission, as the finder of fact, was required to make findings as between the opinions. The weight and probative value of the conflicting testimony was for the Commission to decide, and it did so. The Commission accepted the opinion of one of the experts who made an unequivocal apportionment. The established rule was reiterated in Industrial Commission v. Klaczkowski, 146 Colo. 11, 360 P.2d 104, quoting from American Mining Co. v. Zupet, 101 Colo. 238, 72 P.2d 281:
“* * * The matter of determining the probative effect of evidence in such cases, where there is a conflict, still remains exclusively with the commission where there is evidence for its consideration or from which it could draw a reasonable inference. In numerous cases we have said that the Workmen’s Compensation Act precludes courts from passing upon the evidence in such cases and we have refused to change awards of the commission which were supported by the evidence, even though we * * * may have reached a conclusion differing from that of the fact finding body.”
It is established law in Colorado that allocation of disability between a preexisting condition and an industrial accident is proper if supported by this kind of competent evidence. Tillman v. Capitol Hill Transfer and Storage Co., supra; Industrial Commission of Colorado v. Navajo Freight Lines, Inc., 149 Colo. 86, 367 P.2d 894; Kamp, d/b/a Kamp Moving and Storage Company v. Disney, 112 Colo. 65, 145 P.2d 877. The case of Kamp v. Disney, supra, also touches on this issue. We quote:
“As has been noted, the statute requires the commission to determine ‘in terms of percentage the extent of general permanent disability which the accident has caused * * *, j£ recor¿[ discloses there was competent medical testimony upon which the commission was justified *444 in finding that the accident was the contributing cause of twenty per cent of the disability, we should not disturb the commission’s findings.”
Claimant relies on Mathews v. Industrial Commision, 144 Colo. 146, 355 P.2d 300, for his position. That case is distinguishable. In Mathews the only evidence to support an allocation of disability due to a preexisting spondylolisthesis was the doctor’s testimony that he could not give an opinion “except on a somewhat arbitrary basis.” This court, in refusing to affirm the Commission’s allocation of one-half to a preexisting condition stressed that an arbitrary allocation cannot be upheld.
Dr. Fralick’s medical opinion, upon which the Commission based its award in the case at bar, differed strikingly from the testimony in Mathews. It was definite and unequivocal and its weight and probative value was for the Commission.
Judgment affirmed.
Mr. Chief Justice McWilliams, Mr. Justice Groves and Mr. Justice Lee concur.