**NATIONAL FRUIT PRODUCT and Liberty Mutual Insurance Company, Petitioners,**

v.

**Eugene CRESPIN and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 97CA0150.**

Colorado Court of Appeals, Div. IV.

Sept. 18, 1997.

Rehearing Denied Oct. 23, 1997.

Certiorari Denied Feb. 23, 1998.

The Connell Law Firm, John M. Connell, David R. Little, Denver, for Petitioners.

Withers, Seidman & Rice, P.C., Gudrun Rice, Grand Junction, for Respondent Eugene Crespin.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROY.

In this workers' compensation case, the sole issue on appeal is whether permanent partial disability (PPD) benefits may be offset against permanent total disability (PTD) benefits awarded upon a reopening of the claim. National Fruit Product and Liberty Mutual Insurance Company (collectively insurer) contend that they are entitled to an offset against future payment of PTD benefits of previously paid PPD benefits on the basis that both are paid for a loss of future earning capacity and it would be inequitable to permit claimant to retain both. We disagree and affirm.

The parties stipulated that Eugene Crespin (claimant) sustained a compensable injury in 1989 while working for National Fruit Product. Insurer admitted liability for PPD based on a disability of five percent as a working unit and commenced payment of this award in 1989.

Thereafter, the claim was reopened on three separate occasions because of claimant's worsening condition. As a result of the first two reopenings, claimant was awarded both temporary total disability benefits and increased PPD benefits. The third and final reopening, which occurred in 1994, resulted in claimant being awarded temporary total disability (TTD) benefits retroactively to 1993 and PTD benefits effective July 1995.

The Administrative Law Judge (ALJ) rejected insurer's request for an offset relying on § 8–43–303(1), C.R.S.1997 which, in his view, prohibited any offset. The Panel affirmed without addressing the possible implications of § 8–43–303(1). Instead, the Panel concluded that the insurer could not take an offset because claimant was entitled to the PPD benefits at the time they were paid. The Panel concluded that although both PPD and PTD benefits are intended to compensate claimant for his loss of earning capacity, the benefits were not duplicative because they were payable in differing amounts and for different periods.

■ We recognize that both PTD and PPD benefits are designed to compensate for a claimant's loss of earning capacity. *Waymire v. Industrial Claim Appeals Office*, 924 P.2d 1168 (Colo.App.1996). We further recognize that, because both benefits compensate for a permanent loss of earning capacity, there is at least a theoretical temporal overlap. However, we agree with the Panel that the two benefits are payable in differing amounts and for essentially different periods.

■ The PPD rate in effect at the time of claimant's injury was $120 per week with a cap of $37,560. *See* Colo. Sess. Laws 1987, ch. 51, § 8–51–108(1)(b) at 389 (now codified with amendments as § 8–42–107, C.R.S. 1997). In contrast, the PTD benefit was $342.06 per week, or two-thirds of his average weekly wage, payable for life without limit. *See* § 8–42–111, C.R.S.1997. If we were to hold that claimant's compensation for his permanent partial loss of earning capacity could be offset against his subsequent PTD benefits, claimant would, in effect, receive no compensation whatsoever for those periods when he was permanently and partially disabled.

Our conclusion is fully consistent with existing case law governing multiple awards for separate industrial injuries. *See Powers v. Wm. Van Genderen Co.*, 153 Colo. 561, 387 P.2d 285 (1963) (where claimant received 25% PPD award for first industrial accident but thereafter for eight continuous years was entirely free from disability for purposes of working, and he later had another industrial accident and suffered 30% PPD, it was error to deduct 25% disability for first accident, as he was entitled to 30% PPD award for the second accident); *Kehm v. Continental Grain*, 756 P.2d 381 (Colo.App.1987) (claimant was entitled to receive PPD benefits for the first injury until such time as he was entitled to PTD benefits as a result of the second injury, but simultaneous awards of PPD and PTD benefits would be improper

since it is impossible to be more than permanently and totally disabled).

Moreover, our conclusion is consistent with the majority rule. As stated by Professor Larson: "The usual holding is that the permanent partial award need not be deducted from the subsequent permanent total award." 5 A. Larson, *Workmen's Compensation Law* § 59.42(c) (1996).

Insurer argues further, however, that, if the offset is not allowed, then the stage is set for a future equal protection challenge by a claimant. In making this argument, insurer asserts that if claimant here gets PPD benefits in addition to the subsequent PTD benefits, a later and similarly situated claimant who immediately becomes permanently and totally disabled upon attainment of maximum medical improvement and receives only PTD benefits might successfully argue a denial of equal protection. While the argument is not without its infirmities, we conclude that it is best left to a future claimant under the circumstances then presented, and decline to address it here.

Accordingly, the Panel did not err in denying the offset. Because of our holding that the insurer is not entitled to an offset in the first instance, we need not address whether such an offset would violate § 8–43–303(1).

The order of the Panel is affirmed.

JONES and KAPELKE, JJ., concur.