No. 13,469.

ALLEN ET AL. *v.* GETTLER ET AL.
(30 P. [2d] 1117)

Decided March 19, 1934.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

DAVID Allan was operating the Crown mine, and was insured by the Employers Mutual Insurance Company. John H. Gettler was working in the mine. The Industrial Commission found that on March 15, 1933, Gettler sustained an accident arising out of and in the course of his employment; that his injury consisted of a back strain and was temporary. It awarded to him as compensation $12.74 per week from March 20 to April 16, 1933, and ordered the employer to pay medical and hospital expenses. Upon review, the district court affirmed the award.

The employer and the insurance company contend that there was no evidence of accidental injury; that what Gettler suffered from was lumbago. We cannot sustain the contention that there was no evidence of accidental injury.

Gettler testified that he was picking up a heavy timber in the mine—nine-foot green timber; that he was picking it up by himself—"we had no helpers in the Crown mine"; and that his back got a catch in it and he went down on his knees; that it injured the small part of his back; that he reported the occurrence to the mine foreman on the same day and went to the mine doctor, who "put some tape around it" and told him it would be better for him to stay home for awhile; that the doctor told him that he had lumbago and gave him something to take for it; that he was off from work for a month; and that he left the mine about May 3—that his back was bothering him. Gettler worked at the Crown mine as

underground timberman for a period of two years just prior to the accident. The doctor testified that Gettler's symptons pointed to lumbago; that such symptons are "fairly" distinguishable from those of strain; that he gave him soda salicylate but did not remember whether he used strapping. Counsel for the plaintiffs in error calls our attention to a letter written by Gettler and sent to the commission, which counsel says is not in evidence, but nevertheless sheds some light on the question. In the letter Gettler says, among other things: "When the hearing was being held, I did not deny that my sickness as the Insurance Co. calls it was lumbago."

The theory seems to be that if Gettler had lumbago, he has no right to compensation. That does not seem to be the law. In 1 Honnold on Workmen's Compensation, section 98, it is said: "It follows that neither a congenital weakness nor a preexisting disease will render noncompensable an injury received under conditions which would otherwise make it compensable." We have applied that rule several times. Thus, in *Carroll v. Industrial Commission,* 69 Colo. 473, 195 Pac. 1097, a workman in an alfalfa mill had organic heart disease. His strenuous labor of pitching hay in an enclosed building, combined with breathing the dust-ladened air, brought on an attack of heart trouble causing instant death. We held that the death resulted from an injury proximately caused by accident. And see *Ellermann v. Industrial Commission,* 73 Colo. 20, 213 Pac. 120, where a man afflicted with heart disease fell dead while moving cement in a wheelbarrow. See, also, *United States Fidelity & Guaranty Co. v. Industrial Commission,* 76 Colo. 241, 230 Pac. 624, where we held that since the inhalation of gas that killed an employee was accidental, it was immaterial whether his health had been impaired by previous inhalation of gas so that the final draft was rendered fatal. A man who has lumbago, the same as one who has not, may suffer an accidental strain that is compensable under the Workmen's Compensation Act. The

lumbago does not render him immune from strain. It is worthy of note that, although Gettler had worked as a timberman at the same mine for a period of two years next prior to the accident, there was no evidence that during that time he had a similar experience, or that he suffered any inconvenience such as naturally would be expected if he had lumbago.

The commission's findings are sufficiently supported by the evidence. *Central Surety & Insurance Corporation v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617. And see cases cited above.

The district court did not err in affirming the commission's award.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Bouck concur.