No. 14,596.

MONTGOMERY WARD AND COMPANY v. INDUSTRIAL COMMISSION ET AL.
(94 P. [2d] 689)

Decided September 11, 1939.   Rehearing denied October 2, 1939.

Mr. DARWIN D. COIT, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE employer, self insured, seeks reversal of a judgment of the district court approving a finding of the Industrial Commission that the claimant had sustained a twenty-five per cent permanent disability from an injury proximately resulting from an accident arising out of and in the course of her employment, and an award of compensation based thereon.

The employer assigns error based on a number of alleged grounds, the substance of which is that the evidence before the commission does not support its findings and award. There is no conflict in the testimony concerning the allegations that claimant sustained some injury by reason of an accident; that the accident occurred in the course of claimant's employment; and that it arose out of the employment. There is, however, a sharp conflict in the evidence as to whether claimant sustained any permanent injury, and that if she did, as to the extent of her disability. Eight medical witnesses testified concerning the matter of permanent injury; four of these witnesses had examined claimant at the request of the employer; two were appointed by the commission and two were physicians who had treated claimant for her injuries. In his application to the commission for a review of its finding and award counsel for the employer summarizes the testimony of these witnesses with sufficient accuracy for our purposes in this manner: Three of those who examined claimant at the request of the employer testified that claimant had no permanent injuries. One who examined claim-

24

ant at the request of the employer testified that she had a five per cent permanent disability as a working unit. One who examined claimant at the request of the commission testified that claimant had a five per cent disability and the other that she had a fifteen per cent disability. One of claimant's personal physicians testified that she had a thirty-five per cent disability and the other that she had a thirty to forty per cent disability. All of these witnesses were examined or cross examined by counsel for the employer as to various matters, other than the injury resulting from the accident, that might or might not have caused claimant's disability.

■ ■ The commission was not bound to accept the highest nor the lowest estimate made by the medical witnesses as to claimant's disability if any existed, nor any exact intermediate estimate of disability. It was its function and duty in the light of this conflicting opinion testimony and on a consideration of all of the evidence in the case, including the testimony of claimant, to find first, whether there was permanent disability and, second, if there was, its extent. The finding by the commission that the claimant had sustained permanent injury and that her disability as a working unit was twenty-five per cent is a legitimate conclusion which has substantial basis in the testimony of the medical witnesses. Where there is sufficient competent evidence to support a finding and award of the Industrial Commission we have held too often to require citation of authorities that neither the district court nor this court is authorized to disturb such finding and the award based thereon.

Judgment affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Knous concur.