No. 18,201.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.* COLORADO FUEL AND IRON CORPORATION.

(310 P. [2d] 717)

Decided April 29, 1957. Rehearing denied May 20, 1957.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for Industrial Commission of Colorado.

Messrs. Graham & Scheunemann, for plaintiff in error John Ferencik.

Mr. C. H. Groves, Mr. T. B. Robinson, Messrs. Tippit, Haskell & Welborn, Mr. Elmer P. Cogburn, for defendant in error.

*In Department.*

Mr. Justice Knauss delivered the opinion of the Court.

This is a workmen's compensation case in which claimant, John J. Ferencik, was awarded compensation for permanent total disability, resulting from injuries sustained while employed by The Colorado Fuel & Iron Corporation. The district court reversed this award of the Industrial Commission. The commission and claimant seek reversal contending that under the record claimant is entitled to an award for total permanent disability.

Claimant had been employed by The Colorado Fuel & Iron Corporation for many years. On March 14, 1955, while engaged in cutting down an ash hopper with a blow torch on an I beam some eighteen feet above the ground level, claimant became ill, sat down on the I beam and toppled to the ground into a pile of metal, some of which was hot. He suffered a paralysis of his left side, together with burns on his right hand, and contusions. That claimant is permanently disabled is not disputed.

The referee of the commission made his first findings and award on October 6, 1955, and determined "from the medical evidence that a cerebral thrombosis of the

left brain was the cause of claimant's fall and of his permanent disability, which now completely disables him, and that respondents are not liable for the effects of this systemic condition of unknown origin. However, respondents are liable for the damage caused by claimant having fallen eighteen feet to the debris below, and for the electric burns which, following the thrombosis in point of time, constitutes an aggravation of a pre-existing condition, which together, result in permanent total disability, making respondent liable for compensation to claimant for the remainder of his life."

This report and findings had the approval of the commission and on petition for review "was affirmed and approved as Final Award of this Commission."

The cause was taken to the district court and on March 1, 1956, that court remanded the case to "the Referee for the taking of further evidence to determine the nature and extent of the disability and the percentage of disability sustained by claimant by reason of natural causes, and what additional disability, if any there be, is attributable to the accident, and further for the amendment of the Referee's Findings predicated upon the additional evidence."

Additional evidence was taken and on April 25, 1956, the referee made his supplemental findings and order pursuant to the court order. These findings repeated the original report that the thrombosis was not associated with claimant's employment, "therefore the effects of which are not compensable. However, the permanent partial disability resulting from the fall is compensable because of the increasing peril in which his employment placed him. The Referee finds that claimant did suffer some degree of permanent partial disability from the fall and while the exact amount is not too important, the Referee finds it to be 15% as a working unit. This disability, superimposed on claimant's pre-existing infirmity, has resulted in permanent total disability for which respondent employer is liable."

The commission having reviewed the report and findings of the referee on October 2, 1956, made its award declaring that while "the degree of disability resulting from the fall and the burns is immaterial, it is in fact 15% as a working unit which, superimposed on claimant's pre-existing infirmity, has rendered him permanently and totally disabled." This award was adhered to on petition for review filed by Employer.

The cause was again taken to the district court where on review that court set it aside and stated "the award of the Commission is contrary to the evidence" hence void and of no effect.

Here, we do not have an unexplained cause for claimant's fall. We have no evidence of a skull fracture, and claimant did not suffer any bone or spinal injury. No physician testified that the burns caused the paralysis. There is no evidence that the fall was caused by any condition of the employment or by overwork or overexertion in the performance of the work, and the express findings of the referee and the commission determine that the fall was occasioned by the thrombosis.

 It is no longer open to question in this state that an award of the commission is conclusive upon all matters of fact properly in dispute when supported by evidence or the reasonable inference to be drawn therefrom. *Vanadium Corporation of America v. Dudley Sargent and Industrial Commission,* 134 Colo. 555, 307 P. (2d) 454.

The testimony given by six medical experts relative to claimant's injuries was in dispute. Four of them testified that claimant's disability was due to the thrombosis. Two of the doctors called attention to the condition of claimant's hand due to burns received in the accident. One doctor said he suffered a 40% loss of his right hand, measured at the wrist.

As above noted, on this conflicting evidence the commission found that the degree of claimant's disability as a result of the fall was 15% as a working unit.

It was the function of the commission to consider all the evidence; to evaluate it, and to make its finding and award. This the commission did, determining that as a result of the fall claimant was disabled 15% as a working unit. There is evidence in the record upon which such a finding could be predicated.

■ In every compensation case there are three questions: (a) Did the injury occur in the course of the employment? (b) Was the injury or death due to an accident? and (c) Did the accident arise out of the employment? In the instant case it is admitted that the accident occurred in the course of the employment. It cannot be denied that at least a portion of claimant's disability was due to causes not connected with his employment, and some as a result of the fall. To the extent of the disability occasioned by the fall, claimant is entitled to compensation.

■ The referee of the commission saw and heard the witnesses, the courts, deprived of that advantage, will not question its conclusions upon the facts when supported by competent evidence. When the facts are so determined we are in duty bound to apply the proper rule of law with reference to the award.

"The commission was not bound to accept the highest nor the lowest estimate made by the medical witnesses as to claimant's disability if any existed, nor any exact intermediate estimate of disability. It was its function and duty in the light of this conflicting opinion testimony and on a consideration of all the evidence in the case, including the testimony of claimant, to find first, whether there was permanent disability, and, second, if there was, its extent * * * Where there is sufficient competent evidence to support a finding and award of the Industrial Commission we have held too often to require citation of authorities that neither the district court nor this court is authorized to disturb such finding * * *." *Montgomery Ward and Co. v. Industrial Commission,* 105 Colo. 22, 94 P. (2d) 689; *Rand v. In-*

*dustrial Commission,* 110 Colo. 240, 132 P. (2d) 784; *Montgomery Ward and Co. v. Industrial Commission,* 128 Colo. 465, 263 P. (2d) 817; *Black Forest Fox Ranch v. Garrett,* 110 Colo. 323, 134 P. (2d) 332.

"In determining the extent or degree of disability of an injured workman upon the facts of each case, it is axiomatic that the Industrial Commission is vested with the widest possible discretion with the exercise of which the courts will not interfere. * * * Also the presumption exists that in making an award * * * the commission considered and gave due weight to all of the factors therein enumerated." *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P. (2d) 1087.

In *Kamp v. Disney, et al.,* 110 Colo. 518, 135 P. (2d) 1019, this court held that a pre-existing disease will not render non-compensable an injury received under the Workmen's Compensation Act. See, also, *Allen v. Gettler,* 94 Colo. 528, 30 P. (2d) 1117.

Substantial and increased risk to which the workman is exposed owing to the position in which he has to work gives rise to a compensable claim for injuries directly attributable to such situation. *Vulcan Detinning Co. v. Industrial Commission,* 295 Ill. 141, 128 N.E. 917.

In determining the percentage of disability attributable to an accident, where the disability is due partly to the accident and partly to a pre-existing physical condition, the commission may consider not only the letter of the testimony but all reasonable inferences to be deduced therefrom.

The finding of the commission that claimant suffered a thrombosis unassociated with any phase of his work, and that the fall was caused thereby, is amply supported by competent evidence given during the course of this rather protracted proceeding, and that the thrombosis resulted in paralysis is likewise amply sustained.

The judgment is reversed and the cause remanded to the district court with directions that it return the case to the commission with instructions to enter an award in

favor of claimant on the basis of fifteen per cent of his total permanent disability.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HOLLAND and MR. JUSTICE SUTTON concur.