## No. 19,987.

### Tri-State Insurance Company and Sooner Contracting Company *v.* Industrial Commission of Colorado, et al.

(379 P. [2d] 388)

Decided February 25, 1963.     Rehearing denied March 18, 1963.

Messrs. Wormwood, O'Dell and Wolvington, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

Messrs. SHELDON and NORDMARK, Mr. JAMES T. BAYER, for defendant in error Standard Accident Insurance Company.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties by name.

Tri-State Insurance Company, by this writ of error, is challenging an award of the Industrial Commission determining that the claimant Boyd C. Ezell is "20% permanently but partially disabled as a working unit" and "Standard Accident Insurance Company and Tri-State Insurance Company are each liable for payment of compensation for permanent partial disability to the extent of 50% of any amount awarded therefor." The district court affirmed the award of the commission.

The claimant Ezell has made no appearance in the action because the correctness of the determination by the commission that he sustained a 20% permanent partial disability is not challenged and is supported by the record. Moreover the disability found is the responsibility of the employer Sooner Contracting Company, it being admitted that the entire disability was attributable to accidental injury arising out of and in the course of claimant's employment with Sooner.

The quarrel is between the two insurance companies, each of which provided workmen's compensation insurance for the Sooner Contracting Company at different times, but covering the entire period in which claimant's disability occurred.

Ezell experienced three injuries to his back while working for the Sooner Company. It is agreed that the

first injury on May 7, 1958, in Oklahoma, is not before us for review. A second injury to claimant's back occurred on June 15, 1958, while claimant was working for Sooner at the Air Force Academy near Colorado Springs. Ezell, a painter, was pushing a scaffold on which another man was painting, and at one point when Ezell was moving the scaffold he had to lift it over a 2x4. His back "snapped" and he had difficulty in straightening up to a completely erect position. The next day he went to a physician and then went back to work for the employer who gave him "light work." He worked on "easy assignments" for another three weeks through the solicitude of his foreman. He then assumed his regular work.

About a week prior to an incident described as the "third accident" he began to develop pains in his back, had difficulty in sleeping, and used a heating pad to ease the pain. He was thus treating himself at home when on September 22, 1958, a third accident occurred. In this one Ezell twisted his back and his knee. He sustained a torn cartilage and sprained ligament to the knee which necessitated an operation resulting in permanent partial disability to the leg, the liability for which Standard Accident Company filed an admission and paid compensation, and the knee injury is not an issue in this case.

Shortly after the third injury Ezell's back became so painful that he was totally incapacitated. Eventually surgery was performed on his back. This injury in the lumbar region of the spine revealed without doubt that claimant had a protruded lumbar intervertebral disc, and that the "slipped disc" caused his disability which one doctor estimated at 15% to the body as a whole and another estimated as high as "30% as a working unit."

When Ezell was injured in June of 1958 the contracting company was insured as to its workmen's compensation liability by Tri-State Insurance Company. This contract was subsequently terminated, and at the time

of the September injury the Standard Casualty Company was the insuror. The commission determined the extent of Ezell's partial disability to be 20% as a working unit, found "the June 15, 1958, accident and his September 22 accident contributed equally to his ultimate degree of permanent disability," and ordered each of the insurance companies to assume and pay one-half of the employer's total admitted liability.

One of the points of error relied upon by Tri-State is that an order of the commission dated August 19, 1959, is final and not subject to change after a later hearing. It is true that the commission made findings in August that as a result of the June accident the claimant did not have any total temporary disability and further that "During early August, 1958 claimant had completely recovered from his June injury and he had resumed his employment without regard to which task he was assigned." We dispose of this point, however, by citing other portions of the August 19, 1959, order of the commission which found: " * * * it is too early to determine whether or not he [claimant] is entitled to compensation for permanent partial disability. * * * " and "that the Tri-State Insurance Company should be and it is hereby dismissed from any responsibility for payment of *temporary total disability* or *medical benefits* to the claimant, but that *it is to be retained as a party respondent* in this case for any pro rata *payment of compensation for permanent partial disability* which might arise as a result of the June 15, 1958, accident; * * * ." (Emphasis supplied.)

This determination by the commission to retain jurisdiction and to continue the matter until such time as it was able to evaluate the permanent partial disability sustained by claimant likewise was not challenged by petition for review by Tri-State.

The commission records show that claimant filed one claim against the employer, citing *both accidents* as resulting in the disability of which he complained. There

was evidence from at least three physicians plus the claimant himself that he had developed symptoms indicating injury to his back from the June accident at least a week prior to the September accident. While the precise percentage of disability as determined by the commission was not given by any one of the medical experts, nevertheless it is the commission and not the experts that must make this determination. This court said in *Industrial Commission v. C. F. & I.*, 135 Colo. 307, 310 P. (2d) 717, quoting with approval from *Montgomery Ward and Co. v. Industrial Commission*, 105 Colo. 22, 94 P. (2d) 689:

"The commission was not bound to accept the highest nor the lowest estimate made by the medical witnesses as to claimant's disability if any existed, nor any exact intermediate estimate of disability. It was its function and duty in the light of this conflicting opinion testimony and on a consideration of all the evidence in the case, *including the testimony of claimant,* to find first, whether there was permanent disability, and, second, if there was, its extent * * * ." (Emphasis supplied.)

A similar case involving an injury resulting in permanent disability from concurring effects of two accidents was before this court in *Century Co. v. Klipfel,* 99 Colo. 213, 61 P. (2d) 842. The resolution of that case is apropos here and we quote with approval the language of that opinion which is controlling in the case at bar:

"We are not unaware of the fact that liability of each of the two insurance carriers here involved to pay compensation is a contractural liability and that it is a several and not a joint obligation. We further are mindful of the provisions of the compensation act found in section 4399, C. L. 1921, which is in part as follows: 'Every contract insuring against liability for compensation or insurance policy evidencing the same, must contain a clause to the effect that the insurance carrier shall be directly and primarily liable to the employe, and in the event of his death, to his dependents, to pay compensa-

tion, if any, for which the employer is liable, thereby discharging to the extent of such payment the obligations of the employer to the employe that, as between the employe and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier that jurisdiction of the employer shall, for the purpose of this act, be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer under the provisions of this act.' It will be observed that this statute provides for the payment by the insurance carrier of compensation 'for which the employer is liable, thereby discharging to the extent of such payment the *obligations of the employer* to the employe.' (Italics mine)

"Section 4401, C. L. 1921, provides that if the employer shall not have complied with the insurance provisions of the act, an injured employee may claim the compensation and benefits provided by the act and in such case the amounts of compensation specified shall be increased fifty per cent. Since the evidence is clear that there is a permanent injury and disability attributable to both accidents, it follows that if the employer had not taken insurance he would be liable for such disability as resulted from the concurring effects of the two accidents. No difficulty would have arisen under the evidence had the same insurer carried the risk at the time of the occurrence of both accidents. A reasonable construction of the two sections of the statute mentioned is, that it was the policy of the legislature to place the obligation to pay compensation in the first instance on the employer. For reasons of policy which we need not consider, but which readily suggest themselves, the legislature further saw fit to provide for insurance of employers' liability to pay compensation and to require that the insuring company assume a primary liability

to an injured employee. While in this case one of the insurance carriers has accepted the award and made payment, it might with equal force have made the same objections to the insufficiency of the evidence to fix its proper proportion of the award, as are here made by the plaintiff in error. If we were to hold such objections good, we should have a situation in which an employee has sustained permanent injuries in two accidents while working for the same employer, resulting in a ten per cent permanent disability, but unable to recover compensation because he could not definitely apportion the amount of disability attributable to each accident.

"We think it is the policy of the Workmen's Compensation Act to at all times hold the employer primarily liable to the employee for disability proximately resulting from accidents arising out of and in the course of the employment. We are fortified in this conclusion by the provision of section 4399, supra, that payments by the insurer discharge 'to the extent of such payment the obligations of the employer to the employee.' It was not within the power of the employee to require the employer to insure in one company, nor was it within his power to prevent the employer from insuring in two companies; but it was within the power of the employer and the two insurance companies to provide, as they might deem advisable, against just such a contingency as has here arisen. The commission, as a fact-finding body, has exercised its best judgment in assessing the payment of this award against the two companies equally, * * * ."

There is competent medical opinion that the first accident in June did result in injury to the back. One physician said that it was his definite opinion that the claimant sustained an injury to the disc in June and that the subsequent accident in September caused a further protrusion which "shoved the whole thing over the dam, so to say." Under the circumstances, as was observed in the Klipfel case, the commission used its

best judgment on all the evidence, both medical and that given by the claimant, which is what is required of it by the law, and its conclusions, if supported by the record, will not be disturbed.

"The employer paid each of them [companies] to indemnify him against liability for accidental injury to this claimant. Presumably both insurers are financially responsible. Each has contracted to indemnify the employer for a portion of a disability caused by two accidents for which the employer is unquestionably liable." (Klipfel, supra.)

The judgment upholding the award of the commission is affirmed.

MR. CHIEF JUSTICE FRANTZ dissents.

MR. JUSTICE MOORE not participating.