No. 79-44

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

LESTER D. LITTLE,

Claimant and Respondent,

vs.

STRUCTURAL SYSTEMS, Employer,
U.S.F. & G. and INDUSTRIAL
INDEMNITY COMPANY,

Defendants and Appellants.

Appeal from: Workers' Compensation Court
Honorable William E. Hunt, Judge presiding.

Counsel of Record:

For Appellants:

Garlington, Lohn and Robinson, Missoula, Montana
Larry Riley argued, Missoula, Montana

For Respondent:

Goldman and Goldman, Missoula, Montana
Bernard Goldman argued, Missoula, Montana

Marra, Wenz, Iwen and Johnson, Great Falls, Montana
David A. Hopkins argued, Great Falls, Montana

Submitted: April 17, 1980
Decided: JUL 17 1980

Filed: JUL 17 1980

Thomas J. Kearney
                                              Clerk

Honorable Joseph B. Gary, District Judge, delivered the Opinion of the Court.

Claimant, who had had trouble with a knee since 1941, injured his knee on two separate occasions in 1978 while working for Structural Systems, Inc. The first injury occurred on April 4, 1978, when the claimant slipped on a roof of the Craighead Apartments at the University of Montana in Missoula, Montana. At that time, Structural Systems was insured for workers' compensation purposes by U.S.F.&G. Claimant's second injury occurred on June 6, 1978, when claimant was carrying iron bars while working on the Reserve Street Bridge in Missoula. At the time of the second accident, Industrial Indemnity Co. was Structural Systems' insurer for workers' compensation purposes.

Both injuries were inflicted upon claimant's right knee. Claimant did not consult a doctor after the first accident and was able to continue working although he continued to experience severe difficulties and pain with the knee. Claimant also continued to work for a month after the second accident until he was laid off. At that time, he sought medical attention. It was determined that claimant was temporarily totally disabled pending a final determination by the Workers' Compensation Court.

Claimant filed a petition in the Workers' Compensation Court on November 15, 1978, against U.S.F.&G. and Industrial Indemnity. A pretrial conference was held, and a full hearing began on April 10, 1979. The court entered an interim order on April 23, 1979, in which U.S.F.&G. and Industrial Indemnity were ordered to reimburse claimant for all accrued temporary total disability benefits and medical expenses on an equal share basis. On September 28, 1979,

the court entered its findings of fact and conclusions of law holding that U.S.F.&G. was to reimburse Industrial Indemnity for any and all benefits that had been paid pursuant to the court's interim order. The court held that claimant's benefits stemmed primarily from one injury which occurred on April 4, 1978, and which was reinjured and aggravated on June 6, 1978. Since the second injury was merely an aggravation of a preexisting condition, the court took the position that U.S.F.&G. was liable for claimant's benefits because, according to Montana law, it was improper to apportion the liability for workers' compensation benefits between successive insurers.

From this judgment, U.S.F.&G. appeals and raises the following issue:

Whether the claimant suffered an aggravation of a preexisting condition on June 6, 1978; if so, whether the insurer on the risk at the time of the last injurious exposure is liable for the resulting disability?

U.S.F.&G. submits that there is no dispute by the parties that claimant did in fact suffer an aggravation of a preexisting condition on June 6, 1978. It further submits that claimant had a history of knee trouble and that the April 4, 1978, accident was also an aggravation of a preexisting injury which would have entitled him to benefits had he incurred medical expenses or lost wages. It contends, however, that on June 6 claimant suffered a new and compensable industrial accident and that since this was the disabling injury causing him to seek medical attention, Industrial Indemnity Co. is solely responsible for compensating claimant.

U.S.F.&G. premises its argument on the well-established doctrine in Montana that an employer takes an employee as he finds him. It contends that the Workers' Compensation Court's ruling was contrary to the above doctrine and that the "last injurious exposure" rule should operate here, placing the responsibility for claimant's compensation on Industrial Indemnity.

Industrial Indemnity argues that under Hartl v. Big Sky of Montana, Inc. (1978), 176 Mont. 540, 579 P.2d 1239, 35 St.Rep. 806, it is improper to apportion workers' compensation benefits between successive insurers. It submits that the workers' compensation court correctly followed the dictates of Hartl in holding U.S.F.&G. liable for compensating claimant. Industrial Indemnity also cites Newman v. Kamp (1962), 140 Mont. 487, 374 P.2d 100, for the proposition that where a second injury occurs before the first injury is healed, the first carrier is liable for all compensation, and the second carrier is relieved of liability. It contends that in the instant case there is a plethora of medical and lay testimony indicating that the injury resulting from claimant's first accident had not completely healed at the time of the second accident. Therefore, Industrial Indemnity contends that both Hartl and Newman provide ample authority for holding U.S.F.&G. liable for claimant's compensation.

Claimant in this case basically agrees with the Workers' Compensation Court's decision holding U.S.F.&G. liable for his compensation.

First of all, in examining the contentions by the parties to this appeal, it should be pointed out that this Court has consistently held the test of sufficiency of the

evidence to be whether there is substantial evidence to support the court's findings of fact. See Stamatis v. Bechtel Power Co. (1979), ___ Mont. ___, 601 P.2d 403, 36 St.Rep. 1866; Head v. Larson (1979), ___ Mont. ___, 592 P.2d 507, 36 St.Rep. 571; Strandberg v. Reber Company (1978), ___ Mont. ___, 587 P.2d 18, 35 St.Rep. 1742; Jensen v. Zook Brothers Construction Company (1978), ___ Mont. ___, 582 P.2d 1191, 35 St.Rep. 1066. In Stamatis and Jensen, this Court further held that where the findings are based on conflicting evidence, this Court's function on review is confined to determining whether there is substantial evidence to support the findings and not to determine whether there is sufficient evidence to support contrary findings.

With that as the basic premise, we will then examine the facts and the law applicable thereto.

It is undisputed in Montana that an employer takes his employee subject to the employee's physical condition at the time of employment. It is also undisputed that an aggravation of a preexisting condition is a compensable injury under the Workers' Compensation Act. Robins v. Anaconda Aluminum Co. (1978), 175 Mont. 514, 575 P.2d 67, 35 St.Rep. 213; Schumacher v. Empire Steel Mfg. Co. (1977), 175 Mont. 411, 574 P.2d 987, 34 St.Rep. 1112.

Where there have been two accidents, each occurring under a different insurer, and the second happens before the first injury is completely healed, the second accident is incident to the first and the first insurer is required to pay all compensation. Newman v. Kamp, supra. This is so because in Montana there is no apportionment of workers' compensation benefits between successive insurers. Hartl v. Big Sky of Montana, Inc., supra.

There is no question that claimant here suffered a compensable industrial injury. The main factual issue before the Workers' Compensation Court was which carrier was responsible for compensating claimant. Resolution of this issue rests on a determination of whether the second injury was separate and distinct or merely an aggravation of a preexisting condition. In essence, then, resolution of liability is dependent on a determination of which particular injury was the proximate cause of the present condition for which claimant seeks compensation.

The Workers' Compensation Court, in effect, held that the second injury, since it occurred before the first had completely healed, was merely an aggravation of a preexisting condition and, therefore, the first injury was the proximate cause of claimant's disability. U.S.F.&G. contends that this determination is not supported by the record and that the second injury was separate and distinct from the first. U.S.F.&G. bases its argument on the fact that claimant continued to work after the first accident and did not seek medical help; however, it argues, he did see a doctor and quit working after the second accident. It contends that under our holding in Hartl, Industrial Indemnity should be liable. This is not, however, a completely accurate statement of the facts of either this case or of Hartl.

The testimony of Dr. C. G. Cragg, an orthopedic surgeon, indicated that claimant had had knee problems since 1941. Both accidents, in his opinion, were aggravations of that preexisting condition. He also testified that at the time of the June 6 accident, claimant had not recovered from the April 4 accident.

The record showed that claimant was somewhat stoical and had a high tolerance for pain. It also showed that claimant at times had continued to work even though he was in pain. In fact, claimant continued working after the June 6 accident until he was laid off. He apparently sought medical help then because the pain had become too much and because he was afraid of doing steelwork above the ground for fear of his knee collapsing.

In Hartl, the claimant also suffered from a preexisting condition. The physician there testified that all of the claimant's back injuries contributed to his present condition, and it was impossible to separate the accidents as to the cause of claimant's disability. The physician in Hartl, unlike Dr. Cragg here, testified that claimant's most recent injury was a separate and distinct one and his present impairment was greater as a result of it. As pointed out above, Dr. Cragg testified that the June 6 injury here was not a separate and distinct injury but merely an aggravation of the preexisting one.

In cases like this, it is incumbent on the insurer seeking to be relieved from liability to establish by a preponderance of the evidence that the claimant's present condition was caused by an accident occurring when the other insurer was on risk. Newman v. Kamp, supra, 374 P.2d at 104. A review of the record indicates that U.S.F.&G. has failed to do this and that there is substantial evidence to support the decision of the Workers' Compensation Court.

U.S.F.&G. contends we should apply the "last injurious exposure" rule, as stated in 4 Larson, The Law of Workmen's Compensation §95.12 at 17-71. This Court has, however, previously held this rule to be inapplicable in Montana

-7-

because we are committed to the doctrine that the particular injury must be the proximate cause of the present condition for which the claimant seeks compensation. Newman, 374 P.2d at 104.

There is sufficient evidence in the record to support the finding of the Workers' Compensation Court. Its decision is therefore affirmed.

One further matter merits discussion. This appeal essentially involves only a question of liability between the two insurers, with both U.S.F.&G. and Industrial Indemnity agreeing that claimant had suffered a compensable injury. Claimant's attorney, however, filed a brief and made an appearance at oral argument. He now requests attorney fees and costs for that appearance. In a case such as this, where the claimant is assured of compensation, it is unnecessary for him to make an appearance other than the filing of a short brief stating his position and that he will not appear. As the appearance was unnecessary, claimant's request for attorney fees and costs on appeal is denied.

Affirmed.

_____
Honorable Joseph B. Gary, District Judge, sitting in place of Mr. Justice Gene B. Daly

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-8-