No. 89-377

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

JAMES A. QUINN, JR.,

        Claimant and Respondent,

   -vs-

BUILDERS TRANSPORT, INC.,
        Employer,
   and
EBI/ORION GROUP, INC.,

        Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
             Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kelly M. Wills; Garlington, Lohn & Robinson, Missoula,
        Montana

    For Respondent:

        Kurt M. Jackson; Hoyt & Blewett, Great Falls, Montana

---

Submitted on Briefs:  Nov. 2, 1989

Decided:  December 8, 1989

Filed:

_____
             Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Builders Transport and EBI/Orion Group, defendants and appellants, appeal from the findings of fact and conclusions of law and judgment of the Workers' Compensation Court which found James Quinn, Jr., claimant and respondent, permanently partially disabled and entitled to 500 weeks of benefits at $143 per week with a lump sum advancement. We affirm.

The following issues are raised on appeal:

1. Whether the Workers' Compensation Court based its finding that claimant was incapable of maintaining fulltime employment on substantial credible evidence.

2. Whether the Workers' Compensation Court properly calculated claimants' post-injury earning capacity.

On January 5, 1985, Quinn sustained a herniated disc in his lower back while attempting to shift the load on his truck. At the time of the accident, he was working in the course and scope of his employment as a truck driver for Builders Transport. Quinn reached a medically stable condition in February of 1985. Two months after his accident, Quinn returned to Builders Transport to work as a truck dispatcher. Quinn worked as a dispatcher for 15 months but was terminated on April 18, 1986, due to chronic back pain.

Quinn attended a pain clinics in Missoula, Montana, and Portland, Oregon. The Portland pain center released a discharge summary on September 25, 1987, which stated that Quinn would be unable to return to his former employment as a truck driver.

Defendants paid Quinn temporary total disability benefits and certain medical benefits until February 19,

1988. It then informed him that his benefits would be reduced to permanent partial disability benefits at $143 per week.

On October 19, 1988, a trial was conducted before the Workers' Compensation hearing examiner in Great Falls. The hearing examiner found that Quinn's pre-injury earning capacity was $8.53 per hour for 45 hours per week, that his post-injury earning capacity was $6.55 per hour for a maximum of 20 hours per week, and that he was incapable of fulltime employment. Quinn was also found to be permanently partially disabled under § 39-71-703, MCA. On April 11, 1989, the Workers' Compensation judge entered an order adopting the hearings examiner's findings of fact and conclusions of law and entered judgment for 500 weeks of permanent partial disability benefits at $143 per week. The court ordered that Quinn receive a $15,553 lump sum advance on his compensation benefits and that defendants be entitled to an appropriate reduction. Quinn was also awarded reasonable costs and attorney fees pursuant to § 39-71-612, MCA.

On April 28, 1989, defendants filed a motion with the court to amend judgment or for an order granting a new trial based on erroneous findings. On June 13, 1989, the court ordered that the motion be denied and found that the findings and conclusions were not clearly erroneous as would be required to grant the motion. From the order defendants appeal.

The first issue defendants raise on appeal is whether the Workers' Compensation Court based its finding that Quinn was incapable of fulltime employment on substantial credible evidence.

Defendants correctly note that decisions of the Workers' Compensation Court must be based on substantial credible evidence. Snyder v. San Francisco Feed and Grain (Mont. 1987), 748 P.2d 924, 929, 44 St.Rep. 2216, 2224. This

Court's function, upon review of the Workers' Compensation Court, is to determine whether such evidence exists to support the court's findings of fact and conclusions of law. Hartman v. Staley Continental (Mont. 1989), 768 P.2d 1380, 1384, 46 St.Rep. 248, 253. However, this Court does not determine whether there is sufficient evidence to support contrary findings. Davis v. Jones (1985), 216 Mont. 300, 303, 701 P.2d 351, 353. See Jones v. St. Regis Paper Company (1981), 196 Mont. 138, 639 P.2d 1140; and Little v. Structural Systems (1980), 188 Mont. 482, 614 P.2d 516.

Here, the court found that Quinn reached medical stability in February of 1985 at which time he returned to work for Builders Transport as a truck dispatcher. He worked as a dispatcher for 15 months but was terminated due to complications associated with chronic back pain.

The medical evidence supports the conclusion that Quinn suffered a herniated disc in his lower back which resulted in chronic pain. Quinn was initially treated for the injury by an orthopedic surgeon who concluded that Quinn did not require surgery. He was then evaluated by the Missoula pain clinic and also attended a pain center in Portland, Oregon. At the Portland center, he was diagnosed as suffering from chronic low back pain. Subsequently, Quinn was treated by a general practitioner in Spokane, Washington, who prescribed a pain medication for his back.

The court considered Quinn's physical impairment as well as the factors set forth in Beck v. Flathead County (Mont. 1988), 749 P.2d 527, 45 St.Rep. 215, which included age, occupational skills, education, previous health, remaining number of productive years and degree of physical or mental impairment. In its findings, the court specifically noted that Quinn was 46 years old at the time of the trial; that his employment history for the past 22 years had been

- 4 -

primarily in the trucking business, including 15 months as a truck dispatcher; that he had a high school education; and that upon his release from the Portland pain center, he was diagnosed as suffering from chronic low back pain. The court also noted that Quinn attempted to return to fulltime employment as a dispatcher but was unable to do so because of chronic back pain. The Workers' Compensation Court found that, upon review of the evidence, Quinn's earning capacity was reduced to that of a part-time truck dispatcher as a result of his injury. Based on the foregoing, the Workers' Compensation Court's finding that Quinn was incapable of fulltime employment was based on substantial credible evidence.

Defendants also raise the issue of whether the Workers' Compensation Court properly calculated Quinn's post-injury earning capacity.

On October 19, 1988, a trial was conducted by the Workers' Compensation hearing examiner who found that Quinn's pre-injury earning capacity was $8.53 per hour for 45 hours per week and that his post-injury earning capacity was $6.55 per hour for a maximum of 20 hours per week. Based on his loss of earning capacity, Quinn was awarded $143 per week for 500 weeks pursuant to § 39-71-703, MCA. Defendants argue that the court ignored evidence that Quinn's earning capacity ranged from $6.25 to $11.45 per hour as a dispatcher and from $7.50 to $9.36 as a clerical worker and, thus, inflated the sum due Quinn. We disagree.

Loss of earning capacity has been defined as, "a loss of ability to earn in the open labor market." Beck, 749 P.2d at 529. See also Hurley v. Dupuis (Mont. 1988), 759 P.2d 996, 45 St.Rep. 1457.

Here, Quinn testified that in 1984, the last full year of his employment, he earned $14,378.27 for nine months of

- 5 -

work. Based on a 45 hour work week, Quinn averaged $8.53 per hour. The figures were substantiated by Quinn's 1984 W-2 form and the testimony of a vocational expert. When working as a truck dispatcher, Quinn averaged $6.55 per hour.

Nonetheless, the difference between pre-injury and post-injury wages are but one factor to consider when determining earning capacity. As discussed earlier, the factors of age, occupational skills, education, previous health, remaining number of productive years, and degree of physical or mental impairment must be considered. Beck, 749 P.2d at 529. The Workers' Compensation Court considered those factors and emphasized the fact that although Quinn was actively seeking employment, he was unsuccessful because of his physical limitations due to chronic back pain. The court properly calculated Quinn's post-injury earning capacity.

Affirmed.

Justice

We Concur:

Chief Justice

Justices

- 6 -