No. 89-138

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ROBERT D. RICHTER,

        Claimant and Respondent,

   -vs-

SIMMONS DRILLING, INC., Employer,
     and
INDUSTRIAL INDEMNITY COMPANY,

        Defendant and Appellant.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David A. Hopkins; Marra, Wenz, Johnson & Hopkins,
        Great Falls, Montana

    For Respondent:

        Tom L. Lewis; Regnier, Lewis & Boland, Great Falls,
        Montana

Submitted on Briefs: Sept. 7, 1989

Decided: March 2, 1990

Filed:

_____
                 Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court

Simmons Drilling and Industrial Indemnity Company, defendants and appellants, appeal from an order of the Workers' Compensation Court, which found that Industrial Indemnity is liable for Workers' Compensation benefits and must indemnify the State Compensation Insurance Fund for work related injuries sustained by Robert Richter, claimant and respondent. Industrial Indemnity also appealed a subsequent order of the Workers' Compensation Court denying modification of record on appeal. These appeals have been consolidated.

We affirm the Workers' Compensation Court.

The following issues are raised on appeal:

1. Whether the Workers' Compensation Court erred when it denied Industrial Indemnity's motion to modify the record under Rule 9(f), M.R.App.P.

2. Whether the Workers' Compensation Court properly found that Industrial Indemnity was the insurer on risk at the time of claimant's second injury thereby subjecting Industrial Indemnity to liability for Workers' Compensation

- 2 -

benefits and, if so, whether Industrial Indemnity must indemnify the State Fund for benefits paid to claimant since that time.

On July 5, 1984, Richter was involved in an accident while employed by Generals Wells Service. Specifically, he was hit by a high pressure power hose, which resulted in a compound fracture of his left leg for which he was hospitalized five days. Richter also sustained a back injury that became apparent May 8, 1985. General Wells Service was insured for Workers' Compensation by the State Fund at the time of the accident and the State Fund commenced paying benefits and has continued to pay benefits to Richter since that date.

Richter's injury was treated by various physicians, including Dr. Lovitt, whom he first saw on January 7, 1985. Dr. Lovitt treated Richter's leg injury and on March 20, 1985, released Richter to work without restrictions because he believed Richter's condition to be medically stable.

On May 20, 1985, a scan of Richter's back depicted a small disc herniation. While Dr. Lovitt diagnosed Richter as being 50 percent partially disabled, he again released Richter to work based on Richter's medically stable

- 3 -

condition. On June 6, 1985, Dr. Lovitt wrote Richter a letter cautioning him that while the injury was rather small, it would be best to "sit back and wait, and have you assume as high [an] inactivity level as possible and observe your symptoms."

On June 26, 1985, Richter began employment with Simmons Drilling as an oil field worker. Simmons Drilling was insured for Workers' Compensation by Industrial Indemnity at that time. On June 27, 1985, Richter injured his back lifting a pipe that weighed approximately 250 to 300 pounds. Richter finished his shift but the next day was bedridden. On June 28, 1985, Richter was treated by Dr. Lovitt for the back injury.

On August 19, 1985, Richter filed a claim for Workers' Compensation with Industrial Indemnity based on his June 27, 1985, injury. Industrial Indemnity moved to join the State Fund as an additional defendant but the motion was denied. The parties agreed to forego a hearing and submitted the matter on briefs. The testimony of Richter and Dr. Lovitt was presented to the Workers' Compensation Hearings Examiner by deposition.

On March 1, 1989, the hearings examiner filed his findings of fact and conclusions of law and proposed judgment with the Workers' Compensation Court. That same day, the court issued an order adopting the findings of fact and conclusions of law of the hearings examiner and entered judgment, which provided that Industrial Indemnity was the insurer on risk when Richter's June 27, 1985, accident occurred and that Industrial Indemnity was liable for temporary total disability benefits of $286 per week. The court also found that the State Fund was entitled to indemnification from Industrial Indemnity for benefits that the State Fund had paid Richter after the June 27, 1985, injury.

The judgment was deemed final on March 1, 1989, and notice of appeal to this Court was filed on March 21, 1989. On July 27, 1989, Industrial Indemnity filed a motion to modify the record on appeal with the Workers' Compensation Court. The motion was denied on October 24, 1989. On November 17, 1989, Industrial Indemnity filed notice of appeal from the Workers' Compensation Court order denying modification of the record and, on November 28, 1989, filed a motion to consolidate the modification appeal with its

March 20, 1989 appeal. This Court granted Industrial Indemnity's motion to consolidate the appeals on December 29, 1989.

The first issue to be discussed on appeal is whether the Workers' Compensation Court erred when it denied Industrial Indemnity's motion to modify the record under Rule 9(f), M.R.App.P.

The Workers' Compensation Court, in its order denying Industrial Indemnity's motion to modify record on appeal, stated that, "Defendant has not presented good cause for reopening the record and adding additional evidence at this stage of the litigation." We agree.

Industrial Indemnity contends that the original record on appeal was void of certain medical records because it had not been provided with the records in its request for production of documents nor had it discovered the records prior to the determination of the issue in Workers' Compensation Court. Richter, however, contends through counsel's affidavit, that he did provide Industrial Indemnity the medical records in his possession at the time of the request but that the records in question were not in the possession of the claimant or his counsel nor were they

in existence at the time of Richter's response to request for production and, therefore, were impossible to produce at the time requested.

Industrial Indemnity relies on Rule 9(f), M.R.App.P., in making its motion. Rule 9(f), M.R.App.P., provides:

> If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the supreme court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the supreme court. (Emphasis added.)

To prevail under a Rule 9(f), M.R.App.P., motion, appellant must show that the record does not truly disclose what occurred in the court below. The record appellant seeks to introduce here was not a part of the proceedings below at the time of those proceedings. Rule 9(f), M.R.App.P., is not applicable under these circumstances. We affirm the Workers' Compensation Court on this issue.

The second issue raised on appeal is whether the Workers' Compensation Court properly found that Industrial Indemnity was the insurer on risk at the time of Richter's second injury thereby subjecting it to liability for Workers' Compensation benefits and, if so, whether Industrial Indemnity must indemnify the State Fund for benefits paid to Richter since that time.

Here, two accidents were involved--one on July 5, 1984, when Richter was employed by General Wells Service, insured by the State Fund, and one on June 27, 1985, when Richter was employed by Simmons Drilling, insured by Industrial Indemnity. In this case, a subsequent event caused an aggravation of a pre-existing injury. Thus, in order for Richter to receive compensation from Industrial Indemnity for the second injury, the evidence must show that Richter reached a medically stable condition <u>before</u> the occurrence of the second injury. Belton v. Carlson Transport (1983), 202 Mont. 384, 658 P.2d 405.

In <u>Belton</u>, 658 P.2d at 409-10, we stated that the burden is on the insurance company that was "on risk" at the time of the accident. The insurer seeking to avoid payment, in this case Industrial Indemnity, has the burden of proving

that claimant's present condition was caused by an accident that occurred when another insurer was on risk. Little v. Structural Systems (1980), 188 Mont. 482, 614 P.2d 516, (overruled on other grounds in Belton, 658 P.2d at 408). The burden of disproving Richter's medically stable condition is on Industrial Indemnity since it is seeking to avoid payment of Workers' Compensation benefits for an accident that occurred while Richter was employed by Simmons Drilling, its insured. The Workers' Compensation Court found that Industrial Indemnity did not meet the burden in proving that Richter was medically stable prior to his subsequent employment.

On March 20, 1985, Dr. Lovitt released Richter to work without restrictions because he felt Richter's condition was medically stable. On May 20, 1985, after Dr. Lovitt examined Richter for his back problems, Dr. Lovitt advised Richter that he could return to work. Although Richter was found to be "partially disabled, probably 50 percent," Dr. Lovitt felt that Richter's condition was medically stable. While Dr. Lovitt did write Richter a letter on June 6, 1985, and advised him to "sit back," Dr. Lovitt never stated that Richter's condition was not medically stable. In fact, Dr.

Lovitt reiterated in his deposition that Richter was medically stable at the time of his second injury.

Industrial Indemnity argues that the fact that Richter injured his back on the second day he was employed by Simmons Drilling was indicative of his medical condition. Nevertheless, the mere fact that Richter was injured the second day he worked for Simmons Drilling is not, in and of itself, proof that he had not reached a medically stable condition.

Industrial Indemnity has failed to persuade this Court, as it failed to persuade the Workers' Compensation Court, that Richter had not reached a medically stable condition when his second injury occurred because it did not meet its burden of proof and, thus, is liable, as the insurer of Simmons Drilling, for Richter's Workers' Compensation benefits in the amount of $286 per week. Because we hold Industrial Indemnity liable for benefits due as the insurer on risk when the June 27, 1985, accident occurred, we also hold that it must indemnify the State Fund for benefits the State Fund paid Richter since that date.

Affirmed.

_____
                Justice

We Concur:

_____
           Chief Justice

_____

_____

_____

_____
              Justices